## A. WETTERMARK & SON v. GEO. M. BURTON.

### Decided November 26, 1902.

**Note—Action Upon—Substituted Agreement Discharging—Venue.**

Where the firm note of B. & C. was made payable in N. County, and on dissolution of the firm B. assumed its payment, and the payees agreed to release C., and charged B. on their books with the amount remaining unpaid, and when B. asked for the note, to use in a suit to show that he had paid the firm debts, they marked it "paid" and delivered it to him, the note was thereby discharged, and for the balance remaining due there was no promise in writing to pay in N. County.

Appeal from the District Court of Nacogdoches County. Tried below before Hon. Tom C. Davis.

*Blount & Garrison,* for appellants.

*Minis & King, W. R. Anderson,* and *J. G. Woolworth,* for appellee.

GARRETT, Chief Justice.—This was an action of debt brought by A. Wettermark & Son against Geo. M. Burton. The defendant pleaded to the venue both by demurrer to the petition and a plea in bar. A jury was waived and the plea was submitted to the court, who heard the evidence, sustained the plea, and dismissed the suit. The cause of action as alleged in the petition is upon a note for the sum of $3000, executed to the plaintiff by the defendant Burton and one McNeil Chapman, dated March 7, 1900, and due and payable in the town of Nacogdoches on January 7, 1901, with interest at the rate of 10 per cent per annum and 10 per cent additional as attorney's fees if placed in the hands of an attorney for collection. A credit was allowed of date October 24, 1900, for $1349.95. Plaintiffs further allege that on or about August 24, 1900, the defendant Burton assumed and obligated himself to pay plaintiffs the balance of said note, and that by reason of the promise plaintiffs released Chapman from any further liability thereon, and agreed with the said Burton to surrender him said note upon his promise to sign a new note; that plaintiffs surrendered said note to Burton, but that he had refused to execute a new note and retained the note that had been surrendered to him, which he was notified to produce.

In his plea of privilege the defendant denied that he had agreed to execute a new note, and charged that the allegation was made for the fraudulent purpose of obtaining jurisdiction to sue him in the county of Nacogdoches. He alleged that he and Chapman had executed to the plaintiffs three notes, including the one mentioned in the petition, but that they had been charged on the books of plaintiffs to the account of the defendant, and been canceled and delivered to him by the plaintiffs, He negatived the existence of any other supposable fact that would give the court jurisdiction over his person.

It was shown by the evidence that Chapman & Burton were partners in business at Nacogdoches, and that they had executed three notes, including the one for $3000 described in the petition, payable to A. Wettermark & Son, aggregating $6143.30, in August, 1900, when the firm dissolved. In the agreement of dissolution Burton assumed the entire indebtedness of the firm, and plaintiffs agreed to release Chapman from any further liability on the notes, and charged them to the individual account of Burton on their books. There were payments made by Burton during October, November, and December, 1900, which reduced his account to about $1600. The notes were not at once delivered to Burton, but afterwards when he desired to use them as evidence in a suit against Chapman in the Federal court at Tyler to show that the firm of Chapman & Burton owed A. Wettermark & Son nothing, the plaintiffs, about January 1, 1901, indorsed them "paid by Geo. M.

Burton (signed) A. Wettermark & Son," and delivered them to him. When produced the notes were cut and mutilated and no credits had been indorsed thereon. B. S. Wettermark testified that when he surrendered the notes to Burton no consideration passed, and Burton still owed him the amount as sued on; that they merely marked the notes "paid" for the convenience of Burton, and charged them on the account as a mere matter of record to keep the amount of the notes, when due, etc. Defendant was a resident of Panola County.

It is a general principle of law that one simple executory contract does not extinguish another for which it is substituted. 2 Dan. Neg. Inst., sec. 1260; Graves v. Allen, 66 Texas, 589. But the intention of the parties will control, and if it appear that the parties intended to cancel and discharge the debt by the new form of security it will operate as a complete merger. 2 Dan. Neg. Inst., sec. 1259 et seq.; McGuire v. Bidwell, 64 Texas, 45; 4 Am. and Eng. Enc. of Law, 2 ed., 503; Railway v. Harriett, 80 Texas, 73. From the evidence in this case it appears that there was an agreement by the plaintiffs to release Chapman from further liability on the notes, and to charge them to the individual account of the defendant. It was also the purpose of the parties that the canceled notes should be evidence of the payment of the debt owed by Chapman & Burton to A. Wettermark & Son in a suit in the Federal Court at Tyler. When produced they were marked "paid," were cut and mutilated, and did not have indorsed thereon the credits that appeared on the defendant's account. The evidence fully supports the finding of the trial court that it was the intention of the parties that the notes should be discharged by the parol promise of the defendant. By the discharge of the notes, although a balance of the debt remained unpaid, there was no promise in writing remaining to pay the same in Nacogdoches County. The judgment of the court below will be affirmed.

*Affirmed.*