L. S. CARTER ET AL. V. WARE COMMISSION COMPANY ET AL.

Decided April 3, 1907.

**Note and Mortgage—Consideration—Existing Debt.**

An existing debt is a sufficient consideration to support a subsequent note and mortgage. Where it appeared from the pleading and evidence that plaintiff was induced to execute a note and mortgage to secure a preexisting debt by the promise of the creditor to make further advances, the mere failure of the creditor to make such advances is not sufficient reason for the cancellation of the note and mortgage. It should be made further to appear that the execution of said instruments was procured by some species of fraudulent conduct on the part of the creditor, as, for instance, that he did not intend to keep his promise at the time it was made.

Appeal from the District Court of Uvalde County. Tried below before Hon. R. H. Burney.

*I. L. Martin, L. Old* and *T. M. Milam,* for appellants.—The promises and representations made by the defendants to the effect that if the plaintiff, L. S. Carter, would execute and deliver the note and deed of trust, they would then advance all money necessary for the consummation of the purchase of the Fenley steers, and for holding them over as long as should become necessary, being believed as true and being acted upon by the plaintiff, L. S. Carter, at the time that he executed the said note and deed of trust, such promises and representations formed the consideration for the execution of the said note and deed of trust, and a failure of defendants to perform such promises, necessarily resulted in a total failure of the consideration of same, and that issue should have been submitted to the jury under appropriate instructions from the court. Henry v. McCardell, 15 Texas Civ. App. 497; McCardell v. Henry, 23 Texas Civ. App. 383.

*Cowan, Burney & Goree* and *G. B. Fenley,* for appellee.

JAMES, CHIEF JUSTICE.—This suit was brought by appellants to cancel a $6500 note and a deed of trust securing same, given by appellant L. S. Carter to appellee. Plaintiffs allege substantially that about March 1, 1906, said L. S. Carter and the defendants entered into a verbal contract by which the former was to buy stock and ship same to defendant Commission Company to be sold by them, they to advance Carter without security all money necessary to ·purchase the stock and to accept as their compensation the customary commission, and

Carter to stand all losses, if any, and to accept as his compensation what profits remained after paying all expenses inclusive of said commissions. That thereupon plaintiff contracted with G. B. and J. C. Finley for 1300 steers which contract required a forfeit payment of $6500, and Carter drew a sight draft on defendant for that sum which was paid.

That on April 17, defendants represented to L. S. Carter that it would be necessary for him to give security for further moneys in respect to said cattle purchase and represented and promised plaintiff that if he would execute them his note for $6500 and secure same by a deed of trust on 2140 acres of land in Uvalde County, they would advance all money necessary in said purchase and also all money necessary for the holding over of any of said cattle if it should become necessary to do so; and that in consideration of said "promises and representations" and relying on same and believing them true and made in good faith he executed the note and deed of trust. That defendant refused to advance him any money whatever for any purpose and he was thereby forced to cancel his contract with Fenleys, and nevertheless defendants demand payment of said note and the enforcement of the deed of trust. Further, that by reason of the failure of defendants to advance him funds according to the contract, the consideration of the note and deed of trust has *totally* failed and that same are now without any consideration whatever. Also that, part of the land, 200 acres, was homestead of plaintiffs at the time of the execution of the deed of trust. Plaintiffs' prayer was: "that the court try the issue of total failure of consideration of said note and deed of trust, and on final hearing hold them for naught and cancel same and remove the cloud from plaintiffs' title to said land caused thereby, and that the temporary injunction granted be made perpetual."

Defendants pleaded general denial, and filed a cross-bill against L. S. Carter for judgment on the note, interest and attorney's fee and for foreclosure of said deed of trust and also for the sum of $295 claimed to be due by Carter on open account for loss on cattle shipped.

The court charged the jury to find in favor of plaintiffs as to the 200 acres claimed as homestead, and in favor of defendant on the note with foreclosure on the land, except the homestead, and also for the amount of the open account.

Appellant has two assignments of error. The first is that the court erred in refusing the following instruction:

"You are instructed that if you find from the evidence in this case, L. S. Carter executed and delivered the note for $6500 and the deed of trust on 2140 acres of land in Uvalde county, Texas, in consideration of, and because the defendant, Ware Commission Company, and the defendants, G. W. Shield and C. I. Ware, agreed, promised and represented to the said L. S. Carter that they, the said defendants, would make all future advances of money necessary to pay for the pasture, if necessary, and to carry over the steers that plaintiff contracted to purchase from J. C. and G. B. Fenley, and find that said plaintiff, L. S. Carter, relied on and believed said premises and representations so made, if any, would be carried out before he executed said note and deed

of trust, and find that the said defendants failed or refused to advance or furnish said plaintiff, L. S. Carter, the money with which to pay for said steers, and find that on account of such failure or refusal, if any, on the part of said defendants the plaintiff, L. S. Carter, did cancel and set aside the contract for the purchase of the said steers, and find that by reason of said cancellation of said contract the forfeit money of $6500 was lost and abandoned and find that by reason thereof the consideration for the execution of said note and deed of trust has failed, then and in such a case you will find a verdict for the plaintiff."

The second is that the court erred in taking the case from the jury because there was evidence to support the case pleaded by plaintiff to the effect that the note and deed of trust were executed on account of and in consideration of the representations made to L. S. Carter by defendants upon which promises and representations he relied and depended and which moved him to execute the note and trust deed.

The assignments are such that they do not require separate consideration.

The position appellant takes is that the sole consideration and inducement for the giving of the note and deed of trust was defendants' promise to advance him further moneys to carry through the deal; that the $6500 was already advanced, without security and without any agreement for security, and said engagement to make further advances, was the only consideration for the note and lien; and that when said promise failed, the consideration for the note and lien totally failed, and therefore plaintiff was entitled to have the same annulled. The testimony of Carter went to show that the promises were what induced him to give the note and deed of trust.

There is no question upon the testimony that the $6500 had been advanced to and used by Carter. In law there can be no question that the note and deed of trust were based on a sufficient consideration by reason of the existing debt. Plaintiffs' effort in the suit is to cancel the note and deed of trust, and to accomplish this it was essential for him to establish that the execution of these instruments was procured by some species of fraudulent conduct on the part of defendants. The conduct relied upon was the non-performance of said promises.

If plaintiff got the money in reference to which he gave the note and lien, which is admitted, and it is not contended that by payment, or otherwise, it is not a valid debt, there would be no use in cancelling the note which is only the evidence of the debt, and there would be little equity in cancelling the deed of trust, when the debt is one entitled to be made out of defendants' property. But it is well established that equity will not cancel contracts, on account of the mere failure of a party to fulfill a promise therein to perform some act in the future. Chicago, T. & M. Ry. Co. v. Titterington, 84 Texas, 218; Moore v. Cross, 87 Texas, 557. An exception is recognized where the person making the promise intended at the time not to perform it, thus fraudulently making use of the promise as a device to procure the contract or deed. The testimony totally fails to show that defendants, when they made the promises testified to by plaintiff, had any such purpose or intent. In fact such a matter was not alleged.

It appears from the petition and evidence that the case involved merely an ordinary breach of contract.

No questions arise on the subject of the homestead or the recovery on the open account. Judgment affirmed.

*Affirmed.*