## WELLS et al. v. DRISKELL.

(Court of Civil Appeals of Texas. Austin. May 29, 1912.)

1. FRAUD (§ 54*)—DECEIT—RECOMMENDATION FOR CREDIT.

Where defendant V. represented his codefendant W. to plaintiff as an upright man to whom credit could be safely extended, evidence that, soon after plaintiff sold goods to W. on credit, on the faith of such representations he discovered that he was an inebriate and had a reputation of being a bad paymaster, and that these facts were known to V. when he recommended him to plaintiff, was admissible to sustain plaintiff's contention that W. was an irresponsible character at the time of the purchase.

[Ed. Note.—For other cases, see Fraud, Cent Dig. §§ 50, 51; Dec. Dig. § 54.*]

2. FRAUD (§ 13*)—DECEIT—RECOMMENDATION FOR CREDIT.

In an action for deceit in recommending an irresponsible person for credit, an instruction that if the representations were made as alleged, were material in inducing plaintiff to sell the goods to W., were false, were made by defendant V. with the intention of inducing the sale, and plaintiff acted on the representations made, and so acting was damaged, he was entitled to recover, was not objectionable for failure to require that V. knew that the representations were false, or by the exercise of reasonable diligence could have known their falsity, since his liability did not depend on such knowledge if he made false representations without knowing whether they were true or not.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 3–5; Dec. Dig. § 13.*]

Appeal from Hamilton County Court; A. E. Scott, Judge.

Action by E. C. Driskell against F. H. Wells and another. Judgment for plaintiff, and defendants appeal. Affirmed.

H. E. Trippet, of Hico, and Langford & Chesley, of Hamilton, for appellants. W. M. Whitmire and Eidson & Eidson, all of Hamilton, for appellee.

RICE, J. Appellee sued Wells and Voss, appellants, to recover the amount of a bill of goods sold by him to the former, basing his right of action against Voss on the grounds: First, that at the time the goods were sold he agreed to see the debt paid;

and, second, that he introduced Wells to appellee, recommending him at the time to be an upright, responsible man, to whom credit could be safely extended, which statement he knew to be false at the time the same was made. After a demurrer the general issue was pleaded, and on trial, judgment went in the justice's court for appellee, from which an appeal was taken to the county court with a like result, from which judgment this appeal is prosecuted. No transcript from the justice's court accompanied the record, as required by article 1673 of the Revised Statutes, for which reason this court at a former term dismissed the appeal. See 131 S. W. 87. After overruling a motion for rehearing, at the instance of appellants we set aside such order, and certified the question involved to the Supreme Court, who answering held that while it was necessary in appeal from justice to county courts, in order to confer jurisdiction upon the latter, that the record should contain a transcript from the justice's docket, as provided by article 1673, still this court erred in dismissing the appeal without first notifying appellant or his counsel of such omission, affording them an opportunity by certiorari, within a reasonable time, to supply the same. 145 S. W. 333. We have complied with this ruling, since which time appellants have filed in this court an amended transcript, showing that the justice complied with said article by filing with the original papers the transcript thereby required in the county court, but the same was omitted in preparing the transcript on appeal to this court; for which reason it becomes our duty to grant the motion for rehearing, and consider the case upon its merits, which is accordingly done.

[1] We do not think the court erred in admitting testimony showing that Wells, soon after the purchase of the goods in question, was in the habit of becoming intoxicated, for the reason that for many years prior to said purchase it was shown that he was in the habit of frequently becoming drunk and had the reputation of being a bad paymaster, which facts, it appears, were known to Voss at the time he recommended him to the plaintiff. Besides, these facts were but circumstances tending to sustain plaintiff's contention that Wells was an irresponsible character at the time of said purchase, when he was so recommended to him; for which reason we overrule the first and second assignments.

[2] The court gave the following charge, among others: "If you find by a preponderance of the evidence that the statements were made as alleged, and that they were material in inducing plaintiff to sell Wells the goods, and that such statements were false, and were made by Voss with the intention of inducing Driskell to sell Wells the goods, and that Driskell acted upon said statements made by Voss, and so acting was damaged thereby, you will find for the plaintiff and so say by your verdict." It is urged that this charge was erroneous in that, unless defendant Voss knew that the representations were false, or by the exercise of reasonable diligence might have known of their falsity, he would not be liable in an action of deceit. We do not think this view is tenable. As we understand the law, Voss would be liable notwithstanding the fact that he did not know that the representations were false at the time he made them, provided it be shown that he made them without knowing whether they were true or not, because the rule of morals is the rule of law in this instance, and he should not have made the statements unless he knew that they were true at the time, and is responsible if his statements in this respect were untrue, even though innocently made, from which plaintiff suffered damage. See Mitchell v. Zimmerman, 4 Tex. 75, 51 Am. Dec. 717; Carter v. Cole, 42 S. W. 369; Bigelow on Frauds, 411; Cabaness v. Holland, 19 Tex. Civ. App. 391, 47 S. W. 379; McCall v. Sullivan, 1 White & W. Civ. Cas. Ct. App. § 1, pp. 11, 12; Davis v. Driscoll, 22 Tex. Civ. App. 14, 54 S. W. 43; Wright v. U. S. Mortgage Co., 42 S. W. 789; Beatty v. Bulger, 28 Tex. Civ. App. 117, 66 S. W. 893. See, also, M., K. & T. Ry. Co. v. Reno, 146 S. W. 207, and cases there cited.

No error having been shown in the proceedings of the trial court, its judgment is in all respects affirmed.

Affirmed.