GALVESTON, H. & S. A. RY. CO. v. WALKER et al.

(Court of Civil Appeals of Texas. San Antonio. Feb. 4, 1914. On Motion for Rehearing, March 4, 1914.)

1. RELEASE (§ 12*)—CONSIDERATION—NOTES.
    Where notes, and not their payment, were accepted as part of the consideration for the release of a cause of action, the release could not be set aside on the ground that the notes were not paid.
    [Ed. Note.—For other cases, see Release, Cent. Dig. §§ 18-20; Dec. Dig. § 12.*]

2. RELEASE (§ 17*)—IMPEACHING OR SETTING ASIDE—FRAUD.
    Where an agent of a railroad company fraudulently induced a person injured by falling into a subway to settle his claim by taking the notes of the contractor, representing that the contractor was the one liable and solvent, such release could not be set aside, there being no fraud upon the part of the contractor, and hence it extinguished the cause of action, and the remedy of plaintiff was against the railroad company for the fraud.
    [Ed. Note.—For other cases, see Release, Cent. Dig. § 32; Dec. Dig. § 17.*]

3. RELEASE (§ 24*)—ESTOPPEL—FRAUD—DELAY IN RESCINDING.
    Where one injured through the negligence of another was induced by fraudulent representations to release the other from liability, his delay after discovering the fraud does not estop him from rescinding the release, and bringing an action for the injuries.
    [Ed. Note.—For other cases, see Release, Cent. Dig. §§ 41-46; Dec. Dig. § 24.*]

4. STREET RAILROADS (§ 28*) — RIGHTS IN STREETS—PUBLIC IMPROVEMENTS.
    Where a city granted to a railway company certain permits upon condition that, if accepted, it would construct subways, the construction of such subways was not a purely public improvement in the sense that it did not inure to the benefit of the railway company.
    [Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 39-42, 44, 45, 56, 61, 63-65; Dec. Dig. § 28.*]

5. APPEAL AND ERROR (§ 171*)—REVIEW.
    Where a case was tried upon two theories —one upon an original cause of action for an injury, seeking a rescission of a release, and the other for damages for fraud—and the case was submitted to the jury, and judgment rendered on the original cause of action, the judgment could not be sustained on appeal on the theory of fraud which was not submitted to the jury.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1053-1063, 1066, 1067, 1161-1165; Dec. Dig. § 171.*]

6. APPEAL AND ERROR (§ 742*)—ASSIGNMENT OF ERROR—PROPOSITION ACCOMPANYING ASSIGNMENT.
    Where assignment of error complaining of the refusal to give instructions was submitted as a proposition within itself, and for evidence a reference was made to statements under other assignments, it would not be considered.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Action by John T. Walker and others against the Galveston, Harrisburg & San Antonio Railway Company. From a judgment

*for plaintiffs, defendant appeals. Reversed and remanded.*

Baker, Botts, Parker & Garwood, of Houston, Templeton, Brooks, Napier & Ogden, of San Antonio, and W. F. Ezell, of San Antonio, for appellant. A. G. McNeill, of San Antonio, H. I. Myers, of Palestine, and Webb & Goeth, of San Antonio, for appellees.

MOURSUND, J. Appellee sued appellant, alleging that he suffered damages in the amount of $50,000 on account of injuries sustained by him, caused by his falling into a subway being erected by appellant on Nolan street in the city of San Antonio, attributing his fall to the negligence of appellant, and those constructing the subway for it, in failing to place a railing on top of the walls of said subway, or lights or other means of warning at said place at night; the facts relied upon to show negligence, as well as the injuries sustained, being fully set out. · It was then further alleged that within a few hours after plaintiff was injured he was visited by agents of defendant authorized to settle claims against it, who advised him that he need not hurry to take any steps towards recovering compensation for his injuries, as he would be properly provided for, and that said agents paid him frequent visits, and voluntarily promised on behalf of defendant to protect him in the matter of damages, and persuaded him to rely upon them in said matter, which he did; that they represented to him, he being ignorant of his rights in the matter, as they knew, that W. S. Hipp, who was constructing the subway for defendant, was the only person liable to plaintiff for his injuries, and that they would induce him to promptly and adequately compensate plaintiff for all of his injuries; that, although plaintiff insisted that defendant was liable to him for such injuries, they wrongfully and fraudulently represented to him, and induced him to believe, that this was not true, and persuaded him to go with one of them to Houston, Tex., where they wrongfully and fraudulently brought about a pretended settlement of plaintiff's claims against defendant and said Hipp, by the terms of which plaintiff was to receive $3,000; that plaintiff was not acquainted with Hipp, and said agents wrongfully and fraudulently represented to plaintiff that Hipp was a wealthy man, fully solvent, when in fact he was insolvent and heavily in debt, as they knew, or, if they did not have such knowledge, they wrongfully and fraudulently represented to plaintiff that they did, and induced plaintiff, who believed and relied upon their said representations, to accept in part payment of said sum of $3,000 ten promissory notes of said Hipp for $200 each, the first due 60 days from date, and one thereafter at the end of each 60 days; that, as a result of said wrongful and fraudulent acts and representations, he was induced to sign a release of defendant and Hipp, purporting to protect them against all claims which plaintiff held against them by virtue of said injuries, and that said representations were made for the very purpose of obtaining said release, and relieving defendant, a solvent corporation, from further liability; that the first note was paid, but Hipp failed and refused to pay any of the others; that plaintiff, upon the failure of Hipp to pay the second note, made inquiry and since October 1, 1909, discovered that Hipp was insolvent, and had been insolvent and heavily in debt at the time he executed the notes, and that the representations made by defendant's agents were false and fraudulent as before set out; that, as the result of said wrongful and fraudulent acts and representations of said agents, which he believed and relied upon, plaintiff was prevented from filing suit against defendant to recover damages for his injuries until more than two years after he received such injuries; that he expended the money received from Hipp in payment of expenses incident to the treatment of his injuries before discovery of the fraud perpetrated upon him, and has no money to make tender of the amount to Hipp, should Hipp be entitled thereto; that Hipp and defendant have, since October 1, 1909, repudiated the settlement, and refused payment of the amount due him by virtue thereof; that, on account of such repudiation and failure to pay, and the fraud and wrong practiced upon plaintiff, the release made by him is void. Plaintiff's prayer was for damages upon his original cause of action, and in the alternative, if the settlement should be held binding, then for the balance due him under the settlement, and, should he not be entitled thereto, then that he recover, on account of said fraudulent representations, the difference between the amount he was entitled to receive by reason of said injuries and the amount actually received under the terms of the settlement.

By supplemental petition filed November 15, 1911, plaintiff alleged his willingness to have allowance made of the money paid him by Hipp, as a credit upon the sum due him on account of the negligence and fraudulent acts and omissions set out in his petition, and tendered the remaining nine notes made by Hipp.

Defendant answered by general demurrer, 12 special exceptions, a general denial, and pleaded: The ordinance requiring the construction of the subway; the contract for its construction; that the subway was in an unfinished state, and the conditions of which plaintiff complained were a necessary incident in the course of the proper carrying out of the work; that lighted lanterns and barriers were properly placed, and all practical means taken to guard against the danger produced by said conditions; that during such construction the street was necessarily closed to the public and to public travel; that the said conditions and the dangers incident

thereto were open and obvious; that plaintiff was intoxicated; that he negligently approached and went to where he fell by an untraveled way, ignoring the disturbed conditions of the street and the warning given by means of the lanterns and barriers, and stepped upon the wall, and into the subway, and thus was guilty of negligence, and in view of the conditions he assumed the risk; that Hipp was an independent contractor, for whose acts or negligence defendant was not responsible. The defendant also pleaded the statute of limitations of two years, the execution of the release by plaintiff, denied the false representations concerning the settlement and release pleaded by plaintiff, and averred that the facts relating to liability of defendant on plaintiff's original cause of action, and the facts relating to the solvency of Hipp and the other matters alleged by plaintiff in avoidance of the release, were known to him, or would have been discovered by him by the use of due care and diligence on his part within less than 30 days after making the settlement; that defendant thereafter, without notice of the misrepresentations alleged by plaintiff, settled with Hipp, and plaintiff never repudiated the settlement made by him, or notified defendant that he disavowed the same, until the filing of this suit; that by reason of such delay in disavowing the settlement and release, defendant has been deprived of material evidence in defense of plaintiff's action for damages, and on account of his delay and laches plaintiff is estopped from maintaining suit upon the original cause of action, or to set aside the release and settlement. Defendant also pleaded that plaintiff appropriated $1,200 paid by Hipp, and had never repaid or offered to repay the same, and by reason of such fact, and of his knowledge of the facts pleaded by him in avoidance of the release, his delay, and laches, he had ratified the settlement, and was estopped from setting the same aside. Defendant incorporated in its answer an action over against Hipp and the Fidelity & Deposit Company of Maryland, setting up the contract between defendant and Hipp, whereby Hipp was to indemnify and save harmless the defendant against all claims and suits for damages growing out of the construction of the subway, Hipp's bond to defendant to secure his performance of the contract, upon which said Fidelity & Deposit Company was surety, and asked judgment against them for any judgment plaintiff might recover against defendant.

Plaintiff, by trial amendment, alleged that he did not discover the fraud used by defendant's agents until about August 13, 1911, and as soon thereafter as practical filed this suit; that he thoroughly relied upon said fraudulent representations, and in the exercise of proper care did not discover the falsity thereof until just prior to filing suit.

The Fidelity & Deposit Company of Maryland answered, asserting that the release was obtained, without its knowledge or consent, by Hipp and the railway company acting together; that the agreement of settlement made by them with plaintiff changed the obligations of its bond; that, if any ground existed for setting aside the release, it was only because of the alleged fraud and misrepresentations of the railway company, and therefore the railway company was not in any event entitled to recover over against it. In answer to this plea, the railway company pleaded that the settlement was made by Hipp, the principal of the deposit company, and asserted that the obligation and bond was not performed and discharged until it was released of all liability on the cause of action sued on by plaintiff.

A verdict was returned in favor of plaintiff against defendant railway company for $1,800, and against the railway company upon its action over against Hipp and the deposit company; the latter portion of the verdict being pursuant to a peremptory instruction by the court. Judgment was rendered in accordance with the verdict, from which the railway company has appealed.

The first 11 assignments of error are based upon the refusal of the court to give special charge No. 2, requested by the railway company, to the effect that plaintiff could not recover upon his original cause of action.

[1, 2] Negotiations between appellee and Hipp, the contractor, resulted in an agreement (which, in deference to the verdict of the jury, we find was only a tentative one) that appellee would accept, in full and complete satisfaction of his claim for damages because of his injuries, the sum of $1,000 in cash and Hipp's ten notes for $200 each. On the following day this agreement was made final, the money and notes delivered to appellee, and a release made by him of all claims against both Hipp and the railway company, which release recites that the consideration so received by Hipp was paid and accepted, "not only for time and wages lost, and expenses incurred, but also in full and final settlement of all claims of every nature" due appellee because of his fall into the subway. This accord and satisfaction being based upon the giving of the notes, and said notes, and not their payment, being accepted as a portion of the consideration paid in making the settlement, the release could not be set aside on the ground that the notes were not paid. Railway v. Harriett, 80 Tex. 73, 15 S. W. 556; Railway v. Wood, 29 S. W. 411; Wettermark v. Burton, 30 Tex. Civ. App. 509, 70 S. W. 1029. But the evidence is sufficient to support the finding that this accord and satisfaction would not have been consummated, nor the release executed, had it not been that the agent of the railway company represented to appellee that Hipp was a man of means and backing, had large business interests, and that said agent knew him to be responsible, and to have money behind him and big work, and

to be good. Hipp, in fact, was insolvent at the time. It was not necessary for such agent to know that his representations were false in order to create liability for the injury suffered because of such representations. Magill v. Coffman, 129 S. W. 1146; Gibbens v. Bourland, 145 S. W. 274; Wells v. Driskell, 149 S. W. 205; Texas Central Railway Company v. Neill, 159 S. W. 1180. It follows that, if both the railway company and Hipp had engaged in the use of the fraudulent representations complained of, the accord and satisfaction could be annulled, and the release set aside. But Hipp had nothing to do with such representations. The railway company's agent did not represent Hipp, or assume to represent him, in the matter, so it cannot even be said that Hipp profited by the fraud, though unauthorized, of his agent, or a person assuming to be his agent. Railway v. Huyett, 99 Tex. 630, 92 S. W. 455, 5 L. R. A. (N. S.) 669. It is not even contended that Hipp had any knowledge of the making of such representations by the railway company's agent. Railway v. Huyett, 49 Tex. Civ. App. 395, 108 S. W. 502; Railway v. Bright, 156 S. W. 310. The fraud of the railway company's agent, therefore, cannot be invoked to set aside the release as to Hipp. Nor can such release be set aside as to him because he did not pay his notes. Moore v. Cross, 87 Tex. 557, 29 S. W. 1051; Railway v. Cade, 93 S. W. 124; Carter v. Ware Commission Company, 46 Tex. Civ. App. 7, 101 S. W. 525.

It was not alleged nor do the facts show any intent on the part of Hipp at the time he gave the notes not to pay same. In fact he paid the first note. That as to Hipp the accord and satisfaction, and release evidencing the same, is binding is admitted by appellee, and Hipp was not made a party to the suit by appellee, and, after appellant filed its cross-action against Hipp, appellee still failed to allege any wrongdoing on the part of Hipp, or ask any relief against him. The payment of damages by one joint tort-feasor, without any reservation as to the other joint tort-feasor, settles the claim for damages, and relieves both of further liability. Blake v. K. C. S. Ry. Co., 38 Tex. Civ. App. 337, 85 S. W. 430; Robertson v. Trammell, 37 Tex. Civ. App. 53, 83 S. W. 258; St. Louis, I. M. & S. Ry. v. Bass, 140 S. W. 860.

The release executed by appellee is not merely a contract not to sue Hipp. Robertson v. Trammell, 98 Tex. 364, 83 S. W. 1098; Musolf v. Electric Company, 108 Minn. 369, 122 N. W. 499, 24 L. R. A. (N. S.) 451; Matheson v. O'Kane, 211 Mass. 91, 97 N. E. 638, 39 L. R. A. (N. S.) 475, Ann. Cas. 1913B, 267. Nor does the language imply that the consideration for same was received only in partial satisfaction of the damages. Kropidlowski v. Pfister & Vogel Leather Company, 149 Wis. 421, 135 N. W. 839, 39 L. R. A. (N. S.) 509. Nor is it contended that the

true agreement was that the right to sue the railway company was reserved, and such reservation should have been written into the release. Edens v. Fletcher, 79 Kan. 139, 98 Pac. 784, 19 L. R. A. (N. S.) 618. When by means of fraud a release has been executed which is a complete release of all joint tort-feasors, when in fact the agreement made by the parties was that only a portion of them should be released, and the right to sue the others retained, in a suit upon the original cause of action against those who were not to be released, the release given may be defeated and set aside as to those who were not to be included therein. Western Union Tel. Co. v. Walck, 161 S. W. 902. The effect of setting aside such release as to those against whom the right to sue on the original cause of action was retained by the terms of the agreement made is simply to reform the release so as to make it speak the true agreement of the parties, which was that the right to sue some of the parties was expressly retained.

But in this case we are confronted with a serious question, and that is whether, because of the fraud of the railway company's agent inducing the execution of the release, suit can be brought against said company upon the original cause of action. To permit this, we must not only change the release so as to eliminate the railway company's name, but, in addition, must insert therein an express reservation of the right to sue the railway company, or change the wording so as to make it evidence only a covenant not to sue Hipp or a partial satisfaction of the damages suffered, instead of a complete and unconditional satisfaction and accord. If the release can be so changed, it can be left in force as to Hipp, and still a suit be maintained against the railway company upon the original cause of action. But there is no contention that to make such changes in the release would be to express the true agreement between Hipp and appellee; on the contrary, it is admitted that the agreement as written expresses the contract made between Hipp and appellee, and that same remains in full force and effect as between appellee and Hipp, but it is contended that, because of fraud inducing such release, the railway can be sued upon the original cause of action despite the existence of the release. We have found no precedent on this question; but, after the most serious consideration, we conclude that plaintiff cannot sue the railway company upon the original cause of action, that, as there has been a full and complete accord and satisfaction between Hipp and plaintiff, which remains in full force and effect, without the reservation of the right to sue the railway company, plaintiff's cause of action for his injuries has been extinguished, and his remedy is only for the damages suffered by him by reason of the fraud of the railway company. There can be but one satisfaction of a cause

of action, and when that is had the cause of action is extinguished. For the reasons stated, the court erred in refusing to give special charge No. 2.

[3] There is no merit in the contention that said charge should have also been given because of laches of plaintiff in bringing his suit, or on the ground that such suit was barred by the statutes of limitation. Railway v. Cade, 93 S. W. 126; T. & P. Ry. Co. v. Jowers, 110 S. W. 948; Port Arthur Rice Milling Company v. Beaumont Rice Mills, 105 Tex. 514, 143 S. W. 926, 148 S. W. 283, 150 S. W. 884, 152 S. W. 629.

[4] It is further contended that said charge should have been given because Hipp was an independent contractor, and the acts alleged to constitute negligence were done solely by Hipp and his employés; that, as the subway was a necessary public improvement, and was being constructed pursuant to an ordinance of the city, which had complete control over the street, and power to interfere with public travel for the purpose of making such improvement, the railway company was exempt from liability for the acts of its independent contractor. It appears that certain "permits" were granted appellant by the city upon the express condition that, if any "privilege or permit" so granted was accepted, appellant would be bound to build certain subways; one being the one into which appellee fell. While this work benefited the public, it cannot be said that it was a "purely public improvement," as contended by appellant, in the sense that it did not inure to the benefit of appellant. When appellant undertook for privileges and permits deemed valuable to it to construct this subway, it appears to us that it would be held to as strict liability as would a person who contracts for repairs to a sidewalk. We do not think that this case can be distinguished in principle from that of Kampmann v. Rothwell, 101 Tex. 535, 109 S. W. 1089, 17 L. R. A. (N. S.) 758. See, also, Robertson v. City of Paducah, 146 Ky. 188, 142 S. W. 370, 40 L. R. A. (N. S.) 1153.

The eighth, ninth, and tenth assignments of error, respectively, raise the issues whether the evidence shows negligence on the part of those who constructed the subway, proximately causing appellee's injuries, whether he was guilty of contributory negligence, and whether he assumed the risk of injury. We conclude that there is no merit in these assignments.

As we have held that appellee could not recover upon the original cause of action, it is useless to decide whether, in order to do so, he should have tendered to appellant the money received from Hipp and the Hipp notes.

[5] Appellee contends that, even though we should sustain any of the assignments of error complaining of the submission of the original cause of action to the jury, we should nevertheless affirm the judgment under rule 62a for the Courts of Civil Appeals (149 S. W. x). The case was submitted as one for rescission of the release and recovery upon the original cause of action. Under the charge the jury found all facts necessary to entitle appellee to a judgment upon a suit for damages for deceit, and the verdict upon such findings could not consistently have been less than it was had the case been submitted as one of damages for deceit. Appellee, according to his pleadings, was not certain whether he was entitled to rescission of the release and settlement, or whether he would have to abide by same, and sue for damages, and therefore his prayer was in the alternative; but the court submitted only the cause of action for rescission, and it must be assumed that appellee agreed to such act, and thereby made his election. The two remedies are inconsistent, and he had to elect which one he would ask for. Griffin v. Williams, 142 S. W. 981. When such election is made, the case is as well defined as if the pleadings had only included the prayer for rescission. Having decided that appellee mistook his remedy when he let the case go to the jury on the issue of rescission, we cannot affirm the judgment upon the theory that, had the real remedy been elected and submitted to the jury, the same verdict would, in our opinion, have been returned. We cannot sustain the judgment as one for damages for fraud, because such theory was not submitted to or passed upon by the jury. Urtz v. Railway Co., 137 App. Div. 404, 121 N. Y. Supp. 883. We do not think rule 62a is intended to aid judgments to the extent contended for in this case. Railway v. Wilkinson, 152 S. W. 203.

[6] By the twelfth assignment appellant contends that the court erred in refusing to give its special charge No. 3, to the effect that appellee was not entitled to recover on any cause of action growing out of or arising from the alleged representations of its claim agent concerning the solvency of Hipp. By the thirteenth assignment complaint is made because of the refusal of special charge No. 1, which was a peremptory instruction to find for appellant. Each of these assignments contains a very long statement of the various reasons relied upon to show error, and each is submitted as a proposition in itself, without any accompanying propositions, and for statement of evidence reference is made to three long statements under other assignments. These assignments will not be considered. Crosby v. Ardoin, 145 S. W. 709; Russell v. Deutschman, 100 S. W. 1164; El Paso & S. W. Co. v. Hall, 156 S. W. 356.

With the exception of assignments Nos. 28 and 29, the remaining assignments of error are overruled. Most of those here overruled relate to issues rendered immaterial upon another trial by our holding that no recovery could be had against appellant upon the

original cause of action, and we conclude that same show no error requiring a reversal, if appellee had been entitled to recover on the original cause of action as held by the trial court.

By assignment No. 28 it is contended that an exception should have been sustained to that part of the petition seeking a recovery upon the original cause of action, and No. 29 asserts error in submitting such issue. These two assignments are sustained.

The judgment is reversed, and the cause remanded.

### On Motion for Rehearing.

The Fidelity & Deposit Company of Maryland has filed a motion for rehearing, praying that the judgment of the lower court be affirmed as to such company. Having held that plaintiff cannot recover upon the original cause of action, it follows that there can be no cause of action in favor of the Railway Company upon its cross action against said Fidelity & Deposit Company of Maryland. We are also of the opinion that even though a recovery could have been permitted upon the original cause of action, still no recovery could be had against the Fidelity & Deposit Company upon said cross action. Said motion for rehearing is therefore granted, and the judgment of this court reformed so as to provide that as to the cross action of the Railway Company against said Fidelity & Deposit Company the judgment of the lower court is affirmed, in other respects our judgment to remain as entered. The motions for rehearing filed by appellee Walker and by appellant are overruled.