GENSBERG v. NEELY. (No. 5693.)

(Court of Civil Appeals of Texas. San Antonio.
June 7, 1916. Rehearing Denied
June 27, 1916.)

1. PLEADING ⊛104(2)—PLEA OF PRIVILEGE—
SUFFICIENCY.
   Defendant's plea of privilege to be sued in
the county of his residence, complying in all
respects with Rev. St. 1911, art. 1903, was suf-
ficient, though it did not allege that the allega-
tion of plaintiff's petition that the suit was bas-
ed upon a written contract to be performed in
the county of suit was fraudulently made to con-
fer jurisdiction upon the court, as the privilege
to be sued in the county of one's residence is de-
pendent solely upon the facts, and not upon
whether plaintiff acted in good faith in stating
the facts.
   [Ed. Note.—For other cases, see Pleading,
Cent. Dig. § 215; Dec. Dig. ⊛104(2).]

2. VENUE ⊛7—RESIDENCE OF PARTY—PLEA
OF PRIVILEGE.
   Where a written contract was made for the
delivery of apples in Hays county, where the
seller did not reside, and, after inspecting, the
buyer found that the apples were defective,
whereupon he called the seller over the tele-
phone, who agreed to make good the damage if
the buyer would accept the shipment, which the
buyer did, in the buyer's action for breach of
the agreement to make good the damage, brought
in Hays county, the seller's plea of privilege
was properly sustained.
   [Ed. Note.—For other cases, see Venue, Cent
Dig. §§ 13–16; Dec. Dig. ⊛7.]

Appeal from Hays County Court; J. R.
Wilhelm, Judge.

Action by L. Gensberg against R. P. Neely. From an order sustaining plaintiff's plea of privilege, plaintiff appeals. Affirmed.

Barber & Johnson, of San Marcos, for appellant. R. E. McKie, of San Marcos, for appellee.

MOURSUND, J. L. Gensberg sued R. P. Neely, alleging that on or about February 13, 1915, plaintiff and defendant entered into a written contract, evidenced by certain telegrams, whereby defendant contracted to sell, and deliver to plaintiff at San Marcos, a car of apples; that defendant shipped a car of apples which arrived at San Marcos on or about February 23, 1915, and drew on plaintiff for $285.76, accompanying same with an order on the railroad company for the car of apples, which was to be delivered by the bank upon payment of draft; that before paying the draft plaintiff was permitted to inspect the apples, and found they were not in a sound condition; that thereupon plaintiff advised defendant by telephone of the condition of the apples, and defendant requested plaintiff to receive the apples and "to handle and dispose thereof for the account of defendant to the best advantage practicable," and agreed that he would repay plaintiff all loss and expense he might sustain by reason of the apples "not being of the condition and quality which plaintiff had contracted to buy from defendant, and such loss and expense as plaintiff might sustain in the effort to dispose of said apples for the account of the defendant"; that, acting upon such request and relying upon defendant's promise and assurance, plaintiff paid the draft and the freight on the car, received and disposed of the apples for the sum of $303.10; that his time and services were worth $50; and that, if the apples had been such as plaintiff was entitled to receive under his contract, they would have been worth $567.05 at San Marcos. Plaintiff sued for $313.95, the difference between said sum of $567.05 and the amount received for the apples, less the $50 charged for time and services. Defendant filed a plea of privilege to be sued in Tarrant county, the county of his residence. In this plea he expressly denied that he had contracted in writing to perform or pay the claim or obligation sued on in the county of Hays, and alleged that none of the exceptions to exclusive venue in the county of one's residence mentioned and specified in article 1830 or article 2309, Revised Statutes of Texas, exist in this cause. Upon a trial before the court evidence was adduced in support of the plea of privilege, and it was sustained. Plaintiff appealed from the order sustaining such plea.

[1] Appellant contends that the plea was insufficient, because it failed to allege and prove that the allegation in plaintiff's petition to the effect that the suit is based upon a written contract to be performed in Hays county was fraudulently made for the purpose of conferring jurisdiction upon the county court of Hays county. This contention is without merit. The plea complied in all respects with the requirements specified in article 1903, Revised Statutes of 1911. The privilege to be sued in the county of one's residence is dependent upon the facts, and not upon whether plaintiff acted in good faith in misstating the facts. Hilliard Bros. v. Wilson, 76 Tex. 183, 13 S. W. 25; Railway Co. v. Childs, 40 S. W. 41; Coal Co. v. Luna, 144 S. W. 723; Weller v. Guajardo, 174 S. W. 673; Holmes v. Coalson, 178 S. W. 635.

The first and second assignments of error are overruled.

[2] Appellant also contends that the uncontroverted evidence shows there was in fact a written contract entered into, as alleged in plaintiff's petition, and that such contract was to be performed in Hays county, and therefore suit was properly brought in Hays county. It is true that the evidence shows that a written contract had been entered into to deliver a car of apples at San Marcos, but the suit was not based upon such contract. Plaintiff's petition shows that he made a verbal contract, by telephone, with defendant, after refusing to accept the car, by which plaintiff was to sell the apples on defendant's account, etc. His testimony is to the effect that he refused to accept the car, and thereupon defendant proposed that plaintiff should accept the car, sell same for the best prices he could get, and defendant would make good plaintiff's loss on the same. Defendant testified the car was not shipped pursuant to the agreement evidenced by the telegrams, which agreement was for certain kinds of apples at the price of $1.79 per hundred; that the apples offered him, out of which he expected to fill plaintiff's offer, proved to be in bad condition, so he did not accept them; that about six days later plaintiff asked him, over the telephone, about the apples, and he told plaintiff why he did not ship them, and offered plaintiff a mixed car of apples at $1.80, and plaintiff instructed him to ship the same immediately. This was done, and he sent plaintiff a bill on February 19, 1915, showing the kinds and quantity of apples shipped as well as the price. He testified, further, that on February 23, 1915, he had another conversation with plaintiff over the telephone, in which plaintiff stated the car had arrived, that he had inspected it and found the Ben Davis apples badly damaged, and said he would not accept the car unless defendant would agree to make good the damage on the Ben Davis apples; that defendant agreed to do this, and plaintiff accepted the car. The evidence supports a finding that this car was shipped under a verbal contract, and that it was the intention of the parties to substitute for plaintiff's right to sue for damages for breach of such contract a new obligation on the part of defendant, namely, to pay plaintiff such

sum as he might lose by taking the car of apples and selling the same for the best prices obtainable. If the obligation to deliver a car of apples of a certain quality had been evidenced by writing, it is clear that such obligation was canceled by the substitution therefor of the specific obligation to make good all losses on a certain kind of apples or on all the apples, as the case may be; the parties having agreed in their testimony, except as to the extent of the new obligation. The obligation to make good the loss is the one which is the basis of the suit, and it is not in writing, and therefore the court was correct in sustaining the plea of privilege. Wettermark v. Burton, 30 Tex. Civ. App. 509, 70 S. W. 1029; Kramer v. Lilley, 55 Tex. Civ. App. 339, 118 S. W. 735; McCammant v. Webb, 147 S. W. 693.

The judgment is affirmed.