GULF, COLORADO & SANTA FE RAILWAY COMPANY V. CHARLES HARRIETT.

No. 2859.

| 80 | 73 |
| 89 | 238 |
| 90 | 625 |
| 91 | 361 |

1.   **Accord — Compromise Fixing Sum to be Paid.**—There is a distinction between the cases in which the plaintiff has agreed to accept the promise of the defendant in satisfaction and those in which he has agreed to accept the performance of such promise in satisfaction; the rule being that in the latter case there shall be no satisfaction without performance, while in the former if the promise be not performed the plaintiff's only remedy is by action for the breach thereof, and he has no right to recur to the original demand.   2 Chitty on Contracts, 11 Am. ed., 1124.

2.   **Same — Accord and Satisfaction.**— See facts held tending to show an agreement and a promise by plaintiff to accept the promise of defendant to pay an agreed sum in settlement, and a tender of the same by defendant.   It was error therefore to refuse a charge submitting the issue to the jury as a defense.

3.   **Charge of Court Criticised.** — Suit for damages for personal injuries suffered in a collision of a passenger train with a water train, the negligence alleged being that the water train was sent out without a conductor and in charge of an inexperienced engineer.   The defendant attempted to prove that it was not negligence to send out the water train without a conductor, and that the engineer in charge was sufficiently acquainted with the road.   To present these issues a lengthy and intricate charge was given, correct in the main, but so intricate and involved as to confuse and mislead the jury.   Such charge is improper.

4.   **Custom of Railways—Competent Evidence.**—The custom of other railways was legal evidence to go to the jury upon the question of negligence in sending out water trains without a conductor—to be given such weight as the jury see proper to give it.

5.   **Charge.**—It is improper in a charge to repeatedly refer to a fact or facts in evidence and thus give prominence to such testimony.

6.   **Charge.**—A proposition though correct and pertinent may be refused when it is more properly argument.

7.   **Medical Bill—Competent Testimony.**—Upon the question of damages plaintiff offered in evidence his medical bills for services made necessary by his injury, with testimony that the charges were reasonable.   *Held,* such testimony was competent.

8. **Medical Expert Testimony.** — It was competent to prove by a surgeon and physician who had attended plaintiff that he had made a recent examination of the plaintiff, and to state his condition as affected by the injuries, and their probable future effect upon the health and strength of plaintiff.

9. **Future Consequences of Bodily Injuries.**—In order to prove future consequences of bodily injuries it is only necessary to show that there is a reasonable probability of the occurrence of future ill effects of the injury.

10. **Knowledge of Danger by Employe—Proper Care.**—The jury should have been instructed that if the plaintiff knew that it was the custom of his employer (the railway company) to run the water train without a conductor, and if an ordinarily prudent man would under these circumstances have known that it was dangerous to operate it in that manner, he could not recover on the ground of the failure of defendant to put the train in charge of a conductor.

11. **Charge Upon Facts not in Evidence.**—A charge given at request of the plaintiff referred to matters not in evidence. As it might have affected the jury against the defendant such charge was error. See example.

APPEAL from Wharton. Tried below before Hon. Wm. H. Burkhart.

This is an appeal from a judgment for Harriett against appellant for $5000 damages for personal injuries caused plaintiff by negligence of defendant in a collision of trains upon its road.

The opinion gives a statement of the case.

*J. W. Terry,* for appellant.— 1. A charge should not give undue prominence to portions of the evidence: Heldt v. Webster, 60 Texas, 207; Medlin v. Wilkins, 60 Texas, 409; Frisby v. Withers, 61 Texas, 134; Taylor v. Townsend, 61 Texas, 144; Lee v. Yandell, 69 Texas, 34.

The custom of other roads is a mere matter of evidence, and does not control the question of negligence of the appellant or the risks assumed by appellee: Hamilton v. Railway, 36 Iowa, 31; Hibler v. McCartney, 31 Ala., 508; Railway v. Evansich, 61 Texas, 3, and cases cited; Temperance Hall Ass'n v. Guiles, 33 N. J. Law, 260; Horan v. Railway, 3 Ct. App. C. C., sec. 435.

2. To justify the assessment of damages for apprehended future consequences of an injury it must appear that there is a reasonable probability or certainty that such consequences will ensue. Under this rule it is at least questionable whether the evidence of Dr. Sykes complained of touching probable consequences was admissible; and the court having admitted such evidence over the objection of the appellant, and having charged the jury at the request of the appellee to consider all matters that might enable them to determine the actual damages to which the plaintiff may be entitled, and having failed in its own charge to instruct the jury upon the measure of damages, the court clearly erred in refusing to give the charge requested by the appellant; or its attention thereby having been called to the question it erred in not in some form charging the jury that they should not consider in the estimate of dam-

ages apprehended future consequences which were remote, speculative, and contingent.    Railway v. Strohm, 96 N. Y., 305; same case 19 Am. and Eng. Ry. Cases, 167; White v. Railway (Wis.), 18 Am. and Eng. Ry. Cases, 213; Railway v. Crosby (Ind.), 27 Am. and Eng. Ry. Cases, 402.

3.    (1) While it is true that ordinarily to satisfy the technical plea of accord and satisfaction there must not only be an accord but a satisfaction, yet it is not necessary that the thing accepted in satisfaction shall be capable of having hands physically laid thereon, but if the promise to pay a certain and specific amount upon a claim for uncertain and unliquidated damages be accepted in discharge of such claim, then such acceptance of such promise is a satisfaction of such claim. There was sufficient evidence before the jury to warrant them in finding that the plaintiff did accept the agreement of the defendant to pay him $2500 in satisfaction of his claim for unliquidated damages.

(2) While the facts alleged and proved by the defendant as to the compromise of the plaintiff's claim might not be such as to satisfy the technical common law plea of accord and satisfaction, yet they were sufficient to show that the plaintiff in good faith had agreed to accept the sum of $2500 in settlement and compromise of his claim and thereby released and relinquished his original claim, the promise of the defendant to pay him the sum mentioned being a sufficient consideration for such release and relinquishment.    1 Smith's Leading Cases, 7 Am. ed., 600, 601; 2 Whart. on Con., sec. 996; 1 Pars. on Con., *pp. 682, 683; Molyneaux v. Collier, 13 Ga., 423; Goodrich v. Stanley, 24 Conn., 619; Billings v. Vanderbilt, 23 Barb., 522, 523; Babcock v. Hawkins, 23 Vt., 561; Good v. Chessman, 2 Barn. & Ald., 328; Cartright v. Cook, 3 Id., 701; Evans v. Powis, 1 Exch., 907; Longridge v. Dorville, 5 Barn. & Ald., 117.

4.    If plaintiff knew of the custom of the defendant to send the water train without a conductor, then he assumed the risk therefrom, and it was immaterial whether he apprehended or considered the danger thereof or not, unless through youth and inexperience he could not have apprehended the danger, and with knowledge of such youth or inexperience appellant failed to warn him of the danger; but there was no evidence before the jury which could warrant them in finding that the plaintiff through youth and inexperience was incapable of appreciating the risk from the absence of a conductor on the water train, and hence the charge as to plaintiff's knowledge of the violation of the custom of well regulated railways, and of his apprehension of the danger therefrom, was not warranted by the evidence.    Railway v. Bradford, 66 Texas, 732; Railway v. Somers, 71 Texas, 700; Railway v. Williams, 72 Texas, 159; Brown v. Brown, 71 Texas, 355.

A charge should not be given when the evidence is not sufficient to reasonably warrant the jury in finding the supposed state of facts

upon which it is predicated: Railway v. Faber, 77 Texas, 53; Railway v. McMannewitz, 70 Texas, 73.

5. If plaintiff knew of the defendant's custom to send no conductor on the water train, and knew of the additional risk or danger caused thereby, then it was entirely immaterial whether plaintiff knew that the sending of the train without a conductor was in violation of established rules and usages prevailing on well regulated railways or not. To have authorized a verdict for the defendant on this branch of the case, the charge complained of required the jury to find:

(1) That plaintiff knew of the custom not to send a conductor on the water train.

(2) That he knew, or ought to have known, that the sending out of such train without a conductor was in violation of established rules and usages prevailing on well regulated railways.

(3) That he did not apprehend, and could not reasonably be expected to apprehend or appreciate the danger resulting from such a violation of such established custom.

The third requirement, we think, was not the law; the second certainly was not.

6. There was sufficient evidence before the jury to warrant them in finding that the plaintiff knew it was the custom of defendant's road not to send a conductor on the water train, and there being no evidence that plaintiff, through youth or inexperience, was incapable of appreciating the danger from the absence of a conductor, and that appellant knowing of such incapacity failed to warn him thereof, then, if he had knowledge, or in the exercise of reasonable diligence would have had knowledge of the custom dispensing with the presence of a conductor, then by continuing in the employment without objection he assumed the risk and danger, if any, from such custom. Robinson v. Railway, 46 Texas, 540; M. R. Co. v. Barker, 5 Ohio St., 78; Watson v. Railway, 58 Texas, 434.

7. There being no evidence to show that it was a part of the fireman's province to participate in the control of the train or that his experience or inexperience contributed to the happening of the accident, the court erred in calling the jury's attention to the youth and inexperience of the fireman as a ground of recovery. Railway v. McMannewitz, 70 Texas, 73; Railway v. Faber, 77 Texas, 53

*Brady & Ring* and *Parker & Pearson*, for appellee.—1. (1) If the running of such a special train without a conductor was one of the incidents of the occupation in which plaintiff was engaged, he could not recover, no matter how dangerous the custom may have been, and hence the charge complained of was technically correct.

(2) The charge, in the respect complained of in regard to custom and usage, was more favorable to the appellant than to the appellee,

and would have afforded appellee in the event of an adverse verdict more substantial grounds of complaint than appellant is now entitled to, since it made the liability of the defendant depend not alone upon the question as to whether the running of the train without a conductor was reasonably safe or not, but upon the further question as to whether or not it was one of the ordinary incidents pertaining to the occupation in which plaintiff was engaged.

(3) It is immaterial whether the charge was objectionable on the grounds complained of or not, since there was no conflict in the testimony as to the fact that the running of such a train without a conductor was contrary to all established rules and usages pertaining to the railway service, such fact being as clearly and as conclusively established by the testimony as the fact that no conductor accompanied the train, while the evidence as to its not being reasonably safe was so overwhelming and conclusive that the verdict could not have been different on this issue, no matter how presented by the charge.

General usage on other railways: Railway v. Douglas, 73 Texas, 332; Railway v. McMannewitz, 70 Texas, 73.

Customary manner: Railway v. Medaris, 64 Texas, 92.

Risks ordinarily incident to business: Wood on Mast. and Serv., sec. 326.

Hazards not usually incident to business: Wood on Mast. and Serv., sec. 380.

Must establish rules: Wood on Mast. and Serv., sec. 381; Id., sec. 382; Regan v. Railway, 6 S. W. Rep., 371; Cook v. Railway, 24 N. W. Rep., 311.

As to the charge being calculated to injure the defendant: Traylor v. Townsend, 61 Texas, 148.

2. (1) The jury were at liberty, if they thought proper, to award damages for such prospective injuries as were reasonably probable to occur, and it would have been erroneous to have limited the recovery only to such injuries as were reasonably certain to occur.

(2) It was competent for Dr. Sykes to testify as to any consequences which were liable to result from the injury. Without such testimony the jury could not obtain a fair idea of the extent of the injury.

(3) There was no evidence of any remote or speculative injuries before the jury. The only testimony as to the probable consequences of the injury introduced to the jury was of a positive and corect character.

(4) If error, it is immaterial, because verdict is not complained of as excessive. Railway v. Cantrell, 8 Am. and Eng. Ry. Cases, 198; Railway v. Decks, 9 S. W. Rep., 439; Railway v. Boehn, 57 Texas, 155; Railway v. Johnson, 72 Texas, 103; Railway v. Smith, 65 Texas, 169.

3. The court did not err in refusing to submit the issue of accord and satisfaction, because no satisfaction was shown. Railway v. Gordon, 70 Texas, 80; Overton v. Connor, 50 Texas, 113; 2 Whart. on Con.,

secs. 996, 999; Day v. Ross, 18 N. Y., 348; Brewer v. Hein, 75 N. Y., 574.

4. The issue as to whether plaintiff knew or might have known of the custom of defendant of running a train without a conductor being in the nature of a plea in confession and avoidance, and not being raised by the pleadings in the case, was not an issue for the jury to pass upon, and hence it is immaterial as to whether the court charged the law on this point properly or not.

The defense must be pleaded: Railway v. Spicker, 61 Texas, 427; Rule 20, Supreme Court Rules; Railway v. Murphy, 46 Texas, 453; Brown v. Sullivan, 71 Texas, 475; Railway v. Cowser, 57 Texas, 302; Railway v. Terry, 42 Texas, 453; Loving v. Dixon, 56 Texas, 79; Dennison v. League, 16 Texas, 408; Markham v. Caruthers, 47 Texas, 22.

Where there are no allegations to sustain the evidence: City of Laredo v. Russell, 56 Texas, 398; Stevenson v. Bassett, 51 Texas, 544; Banking Co. v. Stone, 49 Texas, 15; Markham v. Caruthers, 47 Texas, 21.

5. As to burden of proof: Railway v. Spicker, 61 Texas, 430; Railway v. Murphy, 46 Texas, 356; Brown v. Sullivan, 71 Texas, 475.

As to plaintiff being presumed to have knowledge of customs: Watson v. Railway, 58 Texas, 438.

As to burden of proof: Railway v. Spicker, 61 Texas, 430; Railway v. Murphy, 46 Texas, 356; Brown v. Sullivan, 71 Texas, 475.

As to plaintiff being required to ascertain existence of customs: Railway v. Kindred, 57 Texas, 501; Railway v. McNamara, 59 Texas, 258.

GAINES, ASSOCIATE JUSTICE.—This was an action by the appellee to recover damages for personal injuries alleged to have resulted to him from the negligence of the managing officers of the appellant corporation. The injuries were received in the same collision as that which gave rise to the case of this same appellant versus Compton, which was before this court at its last term at this place, and which is reported in 75 Texas, 667. An outline of the facts which led to the collision is given in the opinion in that case. The appellee was the fireman on the passenger train which collided with the water train, and in the accident suffered the injuries for which he sues.

The defendant pleaded, among other things, that after his injuries the plaintiff had entered into an agreement with it to compromise and settle his claim against it in consideration of the sum of $2500, and that in consideration of its promise to pay him that sum he released it from all claim for damages resulting from his injuries; and that in pursuance of its agreement appellant had tendered to plaintiff that sum and had ever since been ready and willing to pay it.

Upon the issue presented by this plea the general claim agent of appellant, among other things, testified as follows: "The plaintiff had

called on the witness several times. The whole matter was thoroughly talked over and canvassed between us, and finally on the third day of August, 1888, in my office, he agreed to accept $2500 in full satisfaction and settlement of all such claims. I told him I would then make the necessary voucher in his favor for that amount and approve it and have it passed through the records of the auditor's office, when it would be ready for payment by the treasurer. The plaintiff expressed himself as satisfied with the arrangement and stated that he did not need the money at once but when he did he would call for it. I had the voucher made and approved the same day in the plaintiff's presence for $2500."

The testimony of the witness further shows that the plaintiff was duly notified that such voucher was ready for payment; that after learning that plaintiff had failed to call at the treasurer's office to receive the same the witness, on the 29th of October, tendered plaintiff the sum of $2500 in legal tender notes.

One Barnes, who had formerly been in the employment of appellant as master mechanic, testified also among other things that the plaintiff after he had partially recovered from his injuries came to him to get employment from the company, and that during the conversation which took place he asked the plaintiff "if everything had been settled satisfactorily with the company," and he replied, "Yes; I think everything is settled satisfactorily."

Such being the evidence for the defendant upon the issue under consideration, the court charged the jury as follows: "In addition to requested instructions given you in this case you are further instructed that in order to make out a defense of accord and satisfaction it must be shown that the agreement to accept something in satisfaction of the liability incurred has been fully executed, and that the thing to be taken has been accepted and received. There being no proof in this case showing satisfaction, by defendant paying and the plaintiff receiving anything, whereby defendant was relieved of liability, if any liability was incurred, you will not give attention to that feature of the case."

And the court refused to give the following instruction asked by the defendant: "If you believe from the evidence that on or about the 30th day of August, 1888, the plaintiff agreed with the defendant upon a compromise of his claim for damages sued on in this cause for the sum of $2500, and that an agent of the defendant, then and there authorized to do so, then and there promised to pay the plaintiff said sum of $2500, or promised and agreed that defendant through its treasurer would pay plaintiff said sum of money, and that he was authorized by defendant to make such promise, and that the plaintiff then and there accepted said promise and agreement in satisfaction and discharge of his original cause of action on account of his injuries, and that he then agreed and expected to look to and demand of defendant said sum of $2500 under

said promise and agreement, and not to demand of defendant damages on account of his original cause of action as it rested before such promise and agreement was made, then you will find a verdict for defendant."

We think the court erred in giving the former and in refusing the latter instruction. The law bearing upon this issue is very clearly stated in Chitty on Contracts: "Upon the whole the true distinction would seem to be between the cases in which the plaintiff has agreed to accept the promise of the defendant in satisfaction and those in which he has agreed to accept the performance of such promise in satisfaction; the rule being that in the latter case there shall be no satisfaction without performance, while in the former, if the promise be not performed, the plaintiff's only remedy is by action for the breach thereof, and he has no right to recur to the original demand." 2 Chitty on Con., 11 Am. ed., 1124.

Counsel for appellee do not controvert the proposition. We take the quotation from their own brief. But they insist that there was no evidence tending to show that the defendant agreed to accept the promise in settlement of his claim. If the defendant's agent who testified as to this matter had stopped at the words "he agreed to accept $2500 in full satisfaction and settlement of all such claims," the proposition would be correct. But his subsequent testimony to the effect that when the witness told the plaintiff that he would have a voucher made out in his favor for the amount the plaintiff "expressed himself as satisfied with the arrangement and stated that he did not need the money at once but when he did he would call for it," tends to prove that the plaintiff accepted and relied upon the promise in settlement of his demand. The testimony of the master mechanic tends to the same conclusion. It is not for us to say what the finding of the jury should have been upon this issue if the question had been properly submitted to them. It is sufficient for us to say that there was evidence before the jury tending to support the affirmative of the issue tendered by the defendant by its plea of accord and satisfaction.

Since the judgment must be reversed for the errors above pointed out, we deem it a useless consumption of time to consider all the assignments of error presented by the brief. The facts of the case bearing upon the question of the original liability of the defendant are few and not at all complicated, and with the exception of the testimony as to the custom of railways and as to the agreement for a settlement there is hardly a conflict in the evidence; yet we have a brief for appellant of twenty-eight closely printed pages presenting very numerous assignments of error, and a brief on part of the appellee of corresponding length.

The case made by the plaintiff was that he was injured in a collision with a water train of the defendant, and that the collision resulted from the negligence of the defendant's officers in sending out the latter train

without a proper equipment of men. · It was claimed, first, that it was negligent to send out the train without a conductor, and that but for this the collision would not have occurred; and secondly, that the engineer, who acted also as pilot or conductor, was unacquainted with the road; that for this reason it was negligent to send the train out in his charge alone, and that but for his want of knowledge of the road the collision would have been avoided. The defendant attempted to show that it was not negligent to send out the train without a conductor, that the engineer in charge was sufficiently acquainted with the road, and that the collision resulted neither from the want of a conductor nor from the inexperience of the engineer. In order to present these simple issues the court gave a very lengthy charge, in which the propositions were accurately expressed and in the main correct, but in which the construction is so intricate and involved as to confuse and mislead the jury. We are of opinion that such a charge should not be given.

During the course of the trial the plaintiff introduced many witnesses experienced in the operation of railroads, who testified very positively that it was the custom of railroad companies to send out trains such as the water train which caused the collision in this case in charge of a conductor. The custom of other railroads was legal evidence to go to the jury upon the question of negligence in sending out the train, but it was not conclusive upon the question. As evidence it is entitled to such weight as the jury may see proper to give it. In the main charge of the court (which was given at the request of the plaintiff's counsel) the question whether or not such customs existed on other railroads was submitted to the jury or alluded to in seven different places. There was no more propriety for doing this than for singling out any other fact in evidence and giving it prominence in the instructions. It would have been quite as proper to call the attention of the jury repeatedly to proof, if any there was, that the defendant's line where the collision occurred was straight and free from obstructions, that there were but few trains to meet, and but few stations to pass.

It is complained that the court erred in refusing to give the following charge requested by the defendant: "If you believe from the evidence that the defendant company would not have been guilty of negligence in running a light engine with Hitchcock, the same man who was engineer of the water train, as engineer thereof from Galveston to Duke and return without a conductor on the afternoon and night of November 18, 1887, and that in so far as the collision in this case is concerned the result as to the injury of the plaintiff would have been the same had the engine been running light instead of having the water cars attached thereto; and that in so far as the accident in the case is concerned it was no more dangerous to run the water train without a conductor than it would have been to run a light engine without a conductor, then you will find for the defendant."

The proposition contained in the instruction is probably sound, but it is one which would have come more properly from counsel in argument than in the charge of the court.

We think there was no error in admitting the medical bills of Dr. Sykes and Dr. Randall. They were introduced merely as memoranda of the amounts charged and the amounts which the plaintiff had promised to pay. The plaintiff was required to prove the facts and to show that they were reasonable by other testimony. In themselves they were not evidence. Dr. McCamley qualified himself sufficiently as an expert to testify to the reasonableness of the charges.

There was no error in admitting over defendant's objection the testimony of Dr. Sykes. It was as follows: "I have recently examined said Harriett. I examined him last on the 17th of March, 1889, and I formed an opinion as to whether the injuries received by him are permanent or not. On this point there can be no doubt that he is permanently and seriously injured, and this is my positive opinion. The scars upon his legs are very extensive. Cicatrices never become developed in true skin, nor have they the vitality of the older structures. The greater the scar the less its power will usually be. Cicatricial covering if subjected to pressure, or even to moderate blows or stretching, is disposed to break down. The scars on Mr. Harriett's limbs are apt to cause him no end of trouble in the future. If his health should deteriorate or he should become weakened by any fever or exhaustive disease or old age the cicatrices would have a tendency to break down and form indolent ulcers. Even a slight blow might start an ulceration which would probably take weeks to heal. Such ulceration might be of a more or less serious character. It might be sufficient to confine him to his room or even to his bed, or it might do no more than produce annoyance or inconvenience."

We think the evidence was admissible to show the extent of the plaintiff's injuries existing at the time of the trial. If the cicatricial skin which resulted from his injuries was less serviceable and more likely to receive injury than the natural skin, it was not only proper to prove the fact by the opinion of medical experts, but for them to state the facts and reasons upon which the opinion was based.

The charge given by the court as to the measure of damages was correct, and that requested by the defendant upon the same issue was properly refused. The last sentence of the requested instruction is as follows: "To justify the assessment of damages for apprehended future consequences of a present injury, it is not enough that such consequences may occur, but there must be a reasonable probability—that is, it must be reasonably certain that such consequences will ensue."

So much of the instruction as lays down the proposition that in order to recover for future consequences they must be "reasonably certain" to ensue, is incorrect. Certainty means the absence of doubt, and

the proposition means that the jury should be satisfied of their oc-
currence beyond a reasonable doubt.   We think the evidence should
show that there is a reasonable probability of the occurrence of future
ill effects of the injury, and that it need show no more in order to jus-
tify the jury in considering future consequences in estimating the dam-
ages.

In regard to the charges given and refused with reference to the
plaintiff's knowledge of the manner in which the defendant was accus-
tomed to operate the water train, we deem it sufficient to say that the
proper instruction would have been that if the plaintiff knew that it
was the custom to run the water train without a conductor, and if an
ordinarily prudent person would in these circumstances have known
that it was dangerous to operate it in that manner, he could not recover
on the ground of defendant's negligence in failing to put it in charge
of a conductor.

A charge embracing the proposition contained in sixth special instruc-
tion asked by defendant should be given.   If distinctly embraced in
the general charge it should not be repeated.

It is also complained that the following part of the charge given by
the court at the request of plaintiff is erroneous:   "The second ground
on which a recovery is claimed in this case is the claim set up by the
plaintiff that the train was sent out without a conductor by defendant's
general managing officers, in charge of an engineer who was a new man
on that end of the road, and that the young man acting as his fireman
had had little or no experience as a fireman either on that end of the
road or elsewhere, and that this was negligence on the part of such gen-
eral managing officers and was the proximate cause of the accident en-
titling the plaintiff to a recovery, regardless of the issue as to whether
the mere sending out of the train without a conductor was in itself alone,
under the facts in evidence, a sufficient ground for a recovery.   In this
connection you are charged that if you believe from the evidence that
the sending out of Hitchcock, the engineer, considering the experience
which the evidence shows him to have had on that end of the road,
accompanied by the fireman Compton, and taking into account the ex-
perience which the evidence discloses that he (Compton) had as fire-
man on that end of the road, without a conductor was negligence on
the part of said general managing officers, and that this negligence was
in itself the approximate cause of the accident, and that such action on
the part of said general managing officers was in violation of established
rules and usages prevailing in this portion of the country in the man-
agement of well conducted railways, then you are instructed that the
plaintiff is entitled to recover on this ground, whether he be entitled
to recover on the first stated in this charge or not, otherwise you are
instructed that he is not entitled to recover on this ground."

There was no evidence tending to show that the fireman Compton was in any manner responsible for the accident, or that his inexperience contributed to it; and therefore so much of the charge as referred to him was calculated to induce the jury to believe that his inexperience was a matter of moment in the case. So far the charges complained of were misleading.

We fail to see the propriety of having the jury to state in their verdict the ground or grounds upon which their finding was based, in the event they should find for the plaintiff. But since such a charge need not be given upon another trial we need not discuss the question it suggests.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered February 27, 1891.