# FIFTH DISTRICT, 1896.

Texas and Pacific Railway Company v. J. T. Reich.

Delivered November 21, 1896.

**Negligence—Defective Charge of Court.**

In an action by a passenger for personal injury, the court charged that if plaintiff was hurt by falling over an obstruction on a platform where passengers were likely to go, and the platform was not sufficiently lighted, "then you will determine from the evidence whether the failure to have said platform sufficiently lighted was negligence on the part of the defendant, and whether this was the proximate cause of the injury to plaintiff, and if he sustained any injury, you will find for plaintiff," etc. Held, error, as failing to make the injury dependent on the other conditions of fact and the negligence of the defendant.

Appeal from the County Court of Wood. Tried below before Hon. D. W. Crow.

*T. J. Freeman* and *Cate & Teagarden,* for appellant.—An erroneous charge is presumed to have prejudiced the rights of the party against whom it was given, unless the contrary appears from the record. Emerson v. Mills, 83 Texas, 388; Railway v. Greenlee, 62 Texas, 344; Railway v. Warner, 32 S. W. Rep., 868; 73 Texas, 277; 1 Texas Civ. App. 699.

[No brief for appellee reached the Reporter.]

LIGHTFOOT, CHIEF JUSTICE.—The appellee has filed no brief. The statement of the case in appellant's brief is adopted, as follows: Appellee J. T. Reich filed this suit in the County Court of Wood County on June 28, 1890, against the appellant Texas and Pacific Railway Company, and H. C. Cross and Geo. A. Eddy, receivers of the property of the Missouri, Kansas and Texas Railway Company, and T. R. Bonner and J. M. Eddy, receivers of the property of the International and Great Northern Railway Company, to recover the sum of $1000, the alleged amount of his damages resulting from personal injuries alleged to have been by him sustained at the Mineola passenger depot on December 22, 1889.

In his petition he set up that the said Eddy and Cross were at the time of his alleged injuries the lawful receivers of the property of said Missouri, Kansas and Texas Railway Company, and operating a line into said Mineola, and that the said Bonner and Eddy were the lawful receivers of the said International and Great Northern Railway Company and operating a line of railway into said town, and that the appellant, the Texas and Pacific Railway Company was also operating a line of railway into said place; and that the said two sets of receivers and appellant all had and used a common or union depot at said place on the said date of his injuries. That on said date he went to said depot for the purpose of taking passage on the railroad of appellant to Dallas, Texas, on its regular passenger train, which at that time left said depot at 3 or 4 o'clock a. m. That just before the arrival of said train, and after he had purchased a ticket from the agent of appellant, he started in company with a friend from the ticket office and sitting room of said depot to go to the baggage office of appellant and said receivers, which was situated about fifty feet west of the sitting room, to look after some baggage; that while passing from said depot to the said baggage room, along the platform of the depot, he fell over a sack of ice or other hard substance upon the platform of the depot and seriously injured himself; that the night was dark and there were no lights upon the platform by which he could see to travel; that his injuries resulted from failure on the part of the defendants to keep their platform properly lighted and free from obstruction.

On June 22, 1893, appellee filed his amended petition setting up the same cause of action, and the discharge of the receivers of both the Missouri, Kansas and Texas Railway and the International and Great Northern Railway Co., and that the properties had been turned over to the repective companies with betterments to the amount of $100,000 each, and had these two companies made parties to the suit.

At different times, and before the trial of the case, appellee dismissed as to all the defendants except appellant.

To this cause of action appellant answered with a general denial, plea of contributory negligence, and with a special answer that if appellee was injured as alleged, the accident occurred on a platform under the exclusive care and control of the International and Great Northern

Railway Co., and not on a part of the platform and approaches to appellant's depot over which it invited or expected its patrons to pass, or over which they ordinarily did pass.

On July 11, 1893, a trial was had, resulting in a judgment for appellee, from which an appeal was prosecuted to this court, resulting on the 5th day of October, .1895, in the cause being reversed and remanded. On January 14, 1895, this case was again tried in the County Court, before the court and a jury, resulting in a verdict and judgment for appellee in the sum of $500, from which judgment this appeal is prosecuted.

This is the second appeal, and we refer to the opinion of Judge Rainey upon the former appeal, which lays down the rule of law applicable to the case. 32 S. W. Rep., 817.

Under its third assignment of error, appellant complains of the third paragraph of the court's charge to the jury. In the charge complained of by appellant, the court, after charging the jury in substance, that if plaintiff was hurt by falling over an obstruction on a part of the platform where passengers were likely to go, and that the platform was not sufficiently lighted at the place, the court says: "Then you will determine from the evidence whether the failure to have said platform sufficiently lighted was negligence on the part of the defendant, and whether this was the proximate cause of the injury to plaintiff, and if he sustained any injury, you will find for plaintiff, and assess his damages, etc." This charge was calculated to confuse and mislead the jury. We presume that the court intended to charge the jury that if the facts enumerated in the charge existed, and they should find that defendant was negligent, and that such negligence caused the injury, they should find for the plaintiff; but from the wording of the charge as set out in the record before us, there is a failure to connect the latter part of the instruction with the facts to be determined so as to declare their legal effect. In other words, they are told to find for the plaintiff "if he sustained an injury," without reference to how they might have determined the question of appellant's negligence, or whether such negligence caused the injury. Railway v. Neff, 87 Texas, 307; Railway v. Harriett, 80 Texas, 73.

2. The only other point we desire to notice is under appellant's sixth assignment of error, upon the refusal of the court to grant a new trial on account of newly discovered evidence.

As the case is to be tried again, we do not desire to comment upon the evidence; but it is enough to say that the testimony is of great importance, and it fully appears that appellant's motion comes fully within the rules, and should have been granted.

For the errors above indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*