### HUDSPETH v. HILBURN et al.   (No. 1862.)

(Court of Civil Appeals of Texas.   El Paso. March 18, 1926.   Rehearing Denied April 22, 1926.)

1. **Accord and satisfaction** ⊜26(3)—**Compromise and settlement** ⊜23(3)—**Finding that defendant agreed to pay and plaintiffs to accept reduced sum in payment of notes for larger amount, but that defendant did not pay full agreed amount, held supported by evidence.**

In action on notes, finding that defendant agreed to pay and plaintiffs agreed to accept $5,000 in payment of the notes, which were of a much larger amount, but that defendant paid the sum of $4,766 and failed to pay the balance of $234, *held* supported by the evidence.

2. **Accord and satisfaction** ⊜16.

Accord must be completely executed to constitute a bar to original cause of action.

3. **Accord and satisfaction** ⊜17.

Upon failure to completely execute accord, original cause of action remains unimpaired, except that party to be charged is entitled to credit for amount paid.

4. **Accord and satisfaction** ⊜19—**Compromise and settlement** ⊜20(1)—**Where new promise is accepted in lieu of old, plaintiff must base action thereon if new promise is not performed.**

Where new promise is accepted in lieu of old, in case of nonperformance, plaintiff's cause of action must be based thereon, and he cannot recur to original demand.

5. **Accord and satisfaction** ⊜17—**Compromise and settlement** ⊜20(2)—**Where agreement of accord and satisfaction was not fully executed, plaintiffs may properly sue on original demand and recover, less payments made.**

In action on note, where court found that defendant agreed to pay and plaintiffs to accept $5,000 in payment of notes of a much greater amount, but that defendant had paid $4,766 and failed to pay balance of $234, *held* accord was not fully executed, and plaintiffs could sue upon original notes and recover, less payments made.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Suit by J. C. Hilburn and another against A. D. Hudspeth. From a judgment for plaintiffs, defendant appeals. Affirmed.

Allen D. Dabney, of Eastland, Kenley, Dawson & Holliday. of Wichita Falls, and Turney, Burges, Culwell, Holliday & Pollard, of El Paso, for appellant.

Butts & Wright, of Cisco, for appellees.

HIGGINS, J.   Appellees, Hilburn and McCrea, brought this suit against the appellant to recover upon two notes of the latter in the sum of $11,500 each, less an admitted credit of $4,766.

The appellants pleaded the payment and acceptance of said amount of $4,766 in accord and satisfaction of the notes sued upon. The evidence does not disclose any controversy between the parties as to the amount due thereon, but does disclose that the appellant was heavily involved financially. The question presented is whether the payment of the sum mentioned operated as a satisfaction of the debt for the greater amount evidenced by the notes sued upon.

[1] The trial court found that defendant agreed to pay and plaintiffs agreed to accept $5,000 in payment of the notes; that defendant paid the sum of $4,766, but failed to pay the balance of $234. Appellant challenges the correctness of this finding, but an examination of the evidence discloses that it supports the same. According to the testimony of appellant, the payment of $4,766 was made and accepted in full satisfaction. McCrea represented the plaintiffs in the negotiation. While McCrea's testimony upon the issue is somewhat confusing, yet, viewing the same most favorably to appellant, it appears that appellant informed him he was endeavoring to effect a settlement with all of his creditors; that if the other creditors accepted his of-

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

fer he could only pay appellees $4,766, but, if they did not, he could and would pay $5,-000. There is no claim that the other creditors accepted, so, according to McCrea's testimony, the obligation was to pay them $5,-000. That the agreement was to pay $5,000 is strongly evidenced by a letter of appellant, accompanying the check for $4,766, in which he said:

"Enclosed ck for $4,766—as promised. I could not get down to Stamford and sorry to disappoint you but this leaves me absolutely flat and I certainly appreciate you and will * * * make the other up to $5,000 as soon as I possibly can. * * * "

[2, 3] The stated finding of the trial court is sustained. This being the case, it follows that the judgment must be affirmed because an accord must be completely executed in order to operate as a bar to the original cause of action. Railway v. Gordon, 7 S. W. 695, 70 Tex. 80; 1 C. J. 530. Upon failure to completely perform, the original cause of action remains unimpaired, except that the party to be charged is entitled to credit for the amount paid. 1 C. J. 533.

[4] Neither the pleadings nor the evidence present any issue of a new promise accepted in lieu of the old. In such case, if the new promise be not performed, the plaintiff's cause of action must be based thereon; he has no right to recur to the original demand. Railway v. Harriett, 15 S. W. 556, 80 Tex. 73; Ferguson-McKinney D. G. Co. v. Garrett (Tex. Com. App.) 252 S. W. 738.

[5] Under the findings of the trial court, the accord in this case was not fully executed, and the plaintiffs could properly sue upon the original demand and recover, less the payment made.

This ruling renders unnecessary a consideration of the numerous assignments and propositions presented by the appellant. The proper disposition of the appeal is ruled by the indicated finding of the trial court and well-settled rules of law applicable thereto.

Affirmed.