## WARDY v. CASNER et al.

### No. 3564.

Court of Civil Appeals of Texas. El Paso.
June 24, 1937.

Rehearing Denied Sept. 16, 1937.

774

˙McBroom & Clayton, of El Paso, for appellant.

Kemp, Nagle & Smith and Wyndham K. White, all of El Paso, for appellees.

HIGGINS, Justice (after stating the case as above).

It is settled law that an accord without complete satisfaction does not bar a suit on the original cause of action. 1. Tex.Jur. 245 and 284; Hudspeth v. Hilburn (Tex.Civ.App.) 283 S.W. 314; Overton v. Conner, 50 Tex. 113; Ferguson-McKinney D. G. Co. v. Garrett (Tex.Com.App.) 252 S.W. 738; Street v. Smith Bros. Grain Co. (Tex.Civ.App.) 255 S.W. 778; Texas Employers' Ins. Ass'n v. Knouff (Tex.Civ. App.) 271 S.W. 633; Cobb & Gregory v. Parker (Tex.Com.App.) 236 S.W. 1108.

However, if there has been a complete novation whereby the plaintiff has accepted the promise to perform as satisfaction of the accord, rather than the performance itself, then the original cause of action is extinguished, and the plaintiff's remedy is by action for breach of the promise to perform. In this connection we quote from Gulf, C. & S. F. Ry. Co. v. Harriett, 80 Tex. 73, 15 S.W. 556, 557, where Judge Gaines said: "The law bearing upon this issue is very clearly stated in Chitty on Contracts: 'Upon the whole, the true distinction would seem to be between the cases in which the plaintiff has agreed to accept the promise of the defendant in satisfaction, and those in which he has agreed to accept the performance of such promise in satisfaction; the rule being that, in the latter case, there shall be no satisfaction without performance, while in the former, if the promise be not performed, the plaintiff's only remedy is by

action for the breach thereof, and he has no right to recur to the original demand.' 2 Chit.Cont. (11th Amer.Ed.) 1124."

It is also the rule that an accord being partially, but not completely, executed by the defendant, the defendant, when sued upon the original cause of action, is entitled under proper pleading and evidence to credit for the amount paid in partial satisfaction or the value of that which he has done in partial execution· of the accord and accepted by the plaintiff. Hudspeth v. Hilburn, supra; Texas Employers' Ins. Ass'n v. Knouff, supra.

The judgment for $150 in this case instead of the $500 assessed as damages by the jury upon the original cause of action against Casner can only be sustained· upon two theories. The first theory is that Wardy accepted the promise of the casualty company to perform in satisfaction of the original cause of action rather than performance itself. This is a defensive issue which it was necessary for the defendants to plead and prove. The pleadings of the defendants contain no such defensive issue. The pleadings and the evidence plainly show the defendants defended upon the theory that there had been an accord and the same completely executed by them. In this connection we quote from the answer of defendant Casner:

"IV. Further answering this defendant says that all matters and things between plaintiff and defendant were adjusted, compromised and settled between them, in that it was agreed between them that in compromise, adjustment, accord and satisfaction of all claims for damages on the part of the plaintiff, the defendant agreed to have straightened the frame of plaintiff's truck, with some other mechanical repairs, and also repairs to the wooden body thereof; and that pursuant to such agreement, with the approval of the defendant, it was agreed that T. W. Williams, who was then and there doing business under the name of Million Auto Parts, in the City and County of El Paso, Texas, should do said work, and that it was agreed between the plaintiff and the said Williams, proprietor of the Million Auto Parts, what repairs were to be made; and that pursuant to said agreement the said repairs were made, and the said work was done in a workmanlike manner, and the said agreement was fully carried out on the part of the defendant and the said Williams, and said repairs were fully and properly made; and for which the defendant paid the said Williams the reasonable sum of Ninety Dollars ($90.00).

"That the said truck was taken and used by the said plaintiff, and any damage which the said plaintiff sustained to said truck was not due to the collision complained of by him, but to a subsequent · collision with other and different parties while same was being operated by the plaintiff, his agent, servants and employees; and this defendant says that full accord, satisfaction and settlement has been made between plaintiff and defendant, and if plaintiff ever was entitled to recover, which is not admitted but denied, the same was settled, compromised, adjusted and paid by this defendant."

Also from the answer of the Maryland Casualty Company, as follows: "Further answering this defendant says that it adopts each and every allegation contained in the original answer of the defendant, R. S. Casner, and specially adopts each and every allegation contained in paragraphs numbered four and five thereof, and says· that this defendant for and on behalf of the said R. S. Casner, its insured, settled, compromised and adjusted any and all claims, and asserted causes of action which the plaintiff had by reason of the original collision between plaintiff's truck and the automobile of the defendant Casner on or about the 26th day of April, 1936. That, in conformity with the agreement between the said plaintiff and the representative of the defendant, acting as aforesaid, this defendant did repair and cause to be repaired in a proper and workmanlike manner the said truck of the plaintiff; that the same was done by Million Auto Parts, a tradename under which W. T. Williams, a crossdefendant herein, did business. That the said work was properly done, and the said agreement between this defendant and the plaintiff as to the compromise and settlement of the said controversy between them in the repairing of said truck of the plaintiff was properly carried out by this defendant through the said Million Auto Parts. That the said work was properly done and said truck was delivered to the said plaintiff, and was thereafter used by him, and if the said truck was thereafter wrecked, damaged, or in anywise injured it was not due to any fault or negligence on the part of this defendant, or of its principal the said R. S. Casner, but was due

solely to other and different causes, for which neither this defendant nor the defendant Casner is liable."

The plaintiff's pleadings were in the alternative, his contention being there had been no satisfaction of the agreement for accord. Only in the alternative, and in the event it should be found that there was a novation, did appellant plead his damages arising from the breach of the novation agreement. If it should be conceded the pleadings raised the issue of the acceptance by plaintiff of the promise to perform rather than performance itself, then such issue was defensive, and no issue upon the same was submitted. Nor did the defendants request the submission of such an issue, and the same was thereby waived by them.

The only other theory upon which the judgment for $150 only can be sustained is that the value of the plaintiff's truck was enhanced by the repairs actually made, and that defendants are entitled to credit for such enhancement in value. As heretofore stated, this was defensive matter which it was necessary for the defendants to specially plead, which they did not do. Such issue was therefore not raised by the pleadings. Nor was there any evidence before the jury upon which they could base their finding of $150.

Our conclusion, therefore, is the court erred in limiting plaintiff's recovery to $150, and, in the state of the pleadings and the entire record, judgment should have been rendered in plaintiff's favor against Casner for $500, the damage sustained by the plaintiff upon the original cause of action asserted by him. The judgment is, therefore, reversed and here rendered as follows: in favor of plaintiff against Casner for $500; that plaintiff take nothing against the Maryland Casualty Company, but without prejudice to plaintiff's rights to later sue said company as an insurer, in the event Casner should fail to pay the judgment here rendered against him. The judgment in favor of Williams upon the cross-action against him by Casner and the casualty company is not disturbed.

Reversed and rendered.