**DoALL DALLAS COMPANY, Appellant,**

v.

**TRINITY NATIONAL BANK OF DALLAS,
Appellee.**

No. 8169.

Court of Civil Appeals of Texas,
Texarkana.

Sept. 4, 1973.

Rehearing Denied Sept. 4, 1973.

Donald J. Hahn, Jr., McCullouch, Ray, Trotti & Hemphill, Dallas, for appellant.

A. Hardcastle, Jr., Geary, Brice, Barron & Stahl, Dallas, for appellee.

CORNELIUS, Justice.

The opinion of July 17, 1973, is withdrawn and this opinion, reaching the same result, is substituted therefor.

This suit was filed by DoAll Dallas Company as plaintiff against James E. Melton and the Trinity National Bank of Dallas as defendants to recover a sum of money converted by Melton from DoAll Dallas Company while Melton was its employee. The money was taken by a scheme wherein Melton received checks payable to DoAll Dallas Company from its customers and, rather than depositing said checks to the account of DoAll Dallas Company in its depository bank, he typed the words "DoAll Dallas Company" on the back of said checks as an endorsement and then wrote thereon in his handwriting "James E. Melton" or "Jim Melton," and deposited such checks to his own personal account in the Trinity National Bank. The jury found that the endorsements were not authorized and that the bank was negligent in depositing such checks to the personal account of Melton and that its negligence was the proximate cause of the loss suffered by DoAll Dallas Company. The defendant Melton admitted the conversion and did not defend the suit.

The jury found that there had been an accord and satisfaction between Melton and DoAll Dallas Company and the trial court rendered judgment for DoAll Dallas Company against Melton but denied any recovery against the Trinity National Bank. Although the jury found that $10,823.68 had been paid to DoAll Dallas Company and that an additional $14,241.09 would be needed to fully compensate it for its loss, the trial court rendered judgment against Melton for $25,064.77, the total amount of funds it was stipulated had been converted.

DoAll Dallas Company has appealed, bringing forward sixteen points of error. The case was submitted on special issues. The answers of the jury thereto are briefed as follows:

No. 1 — The endorsements on the checks were not authorized.

No. 2 — The Trinity National Bank was negligent in depositing said checks to the personal account of Melton.

No. 3 — The negligence of the bank was the proximate cause of the loss suffered by DoAll Dallas Company.

No. 4 — The sum of $14,241.09 would fully compensate DoAll Dallas Company for its loss.

No. 5 — The restitution agreement, promissory note and assignment of wages executed by Melton to DoAll Dallas Company on August 12, 1970, did not constitute payment of all of the indebtedness owed to DoAll Dallas Company.

No. 6 — The restitution agreement, promissory note and assignment of wages of August 12, 1970, did constitute an accord and satisfaction.

No. 7 — The restitution agreement, promissory note and assignment of wages of August 12 1970, did not constitute a novation.

No. 8 — The Trinity National Bank did not act in accordance with reasonable commercial banking standards in Dallas in accepting such checks for deposit.

No. 9 — Melton did not have implied authority to make such endorsements.

No.10 — DoAll Dallas Company was negligent in its hiring of Melton.

No.11 — The negligence of DoAll Dallas Company in hiring Melton did not substantially contribute to its loss.

No.12 — The managerial arrangements at DoAll Dallas Company were negligence.

No.13 — The negligence of DoAll Dallas Company in its managerial arrangements substantially contributed to its loss.

No.14 — The failure of DoAll Dallas Company to discover the conversion was negligence.

No.15 — The negligence of DoAll Dallas Company in failing to discover the conversion substantially contributed to its loss.

No.16 — The sum of $10,823.68 had been paid to DoAll Dallas Company toward payment of the converted funds.

The trial court defined "accord and satisfaction" as follows:

". . . 'accord and satisfaction' means an agreement between two parties to give and accept something of value in satisfaction of a right of action which one party has against the other, and the execution of this agreement."

The trial court defined "novation" as follows:

". . . 'novation' means the creation of a new obligation in the place of an old one by the substitution of a new agreement between the same parties, accomplished by mutual consent and agreement of the parties, to extinguish the old obligation."

Appellant DoAll Dallas Company contends that the jury was not authorized to find an accord and satisfaction under the evidence and that there is an irreconcilable conflict between the finding by the jury that there was an accord and satisfaction but that there was not a novation.

We have concluded that there was evidence supporting the jury's findings of accord and satisfaction and that such finding and the finding that there was not a novation can be reconciled, but we have further concluded that the trial court failed to reconcile the jury's findings in a proper manner, and thus failed to give effect to *all the jury findings* by rendering a judgment consistent therewith.

As concerns the issues of accord and satisfaction and novation, the evidence showed that, upon the discovery of the conversion after Melton's employment had been terminated and after the suit had been filed, discussions were had between representatives of DoAll Dallas Company and Melton. As a result of these discussions, Melton and DoAll Dallas Company signed a "restitution agreement" dated August 12, 1970. The restitution agreement acknowledged that Melton had converted certain funds of DoAll; provided that the purpose of the restitution agreement was to repay *all* of Melton's indebtedness to DoAll and make *full restitution* of all funds converted, plus all expenses, attorney's fees, court costs and other expenses incurred in connection therewith; agreed to repay all of such funds; provided that the exact amount of the funds converted was unknown, but was believed to be approximately $15,000.00; agreed that a note would be executed to DoAll Dallas Company in the sum of $25,000.00, and that when the correct amount of the converted funds was determined a renewal note would be executed for the proper amount, less such sums as had already been paid; agreed to an assignment of Melton's wages to apply on the indebtedness and for the transfer of certain shares in the Gryphon Fund, Inc., to further secure the debt; and acknowledged the receipt by DoAll of $5,423.68 from Melton as a "partial payment" against the indebtedness. Also, on August 12, 1970, Melton executed a promissory note to DoAll Dallas Company for $25,000.00 and an assignment of wages as provided for in the restitution agreement. It was later stipulated that the actual amount converted was $25,064.77.

The Trinity National Bank was not a party to nor mentioned in the restitution agreement and nothing is contained therein concerning a release of the cause of action or a settlement of the lawsuit, either as to

Melton or the Bank. The testimony was in conflict as to whether or not both DoAll Dallas Company and Melton intended the restitution agreement, note and assignment of wages to be an accord and satisfaction.

DoAll Dallas Company contends that the findings of accord and satisfaction and lack of a novation conflict. The trial court did not so conclude and apparently rendered judgment on the basis that the accord and satisfaction was substituted for the original cause of action and therefore released the Trinity National Bank, the joint tortfeasor. In doing so, we believe the trial court failed to give effect to the other answers of the jury and its verdict as a whole.

■ It is the duty of the courts to reconcile apparent conflicts in the jury findings if this can be reasonably done in the light of the pleadings and the evidence, the manner in which the issues were submitted, and *in view of the other findings when considered as a whole*. Perkins v. Mitchell, 153 Tex. 368, 268 S.W.2d 907 (1954); Cox v. Huffman, 159 Tex. 298, 319 S.W.2d 295 (1958); Casualty Underwriters v. Rhone, 134 Tex. 50, 132 S.W.2d 97 (1939, opin. apprvd.). A reasonable, rather than a technical, construction should be given to special issues and the answers to them as a whole, which permits the disregard of conflicts or contradictions which are apparent rather than real. Texas Indemnity Insurance Co. v. Staggs, 134 Tex. 318, 134 S.W.2d 1026 (Tex.Comm'n App. 1940, opin. apprvd.); Texas Employers Insurance Association v. McDowell, 278 S.W.2d 444 (Tex.Civ.App. Amarillo 1955, writ ref'd, n. r. e.); Service Life Insurance Co. v. Miller, 271 S.W.2d 301 (Tex.Civ.App. Fort Worth 1954, writ ref'd, n. r. e.).

In construing the answers of the jury in this case, it is helpful to summarize the findings regarding accord and satisfaction, novation and payment. They are that:

1). There was an accord and satisfaction between Melton and DoAll Dallas Company by their agreements of August 12, 1970;

2). Such agreements of August 12, 1970, did not constitute payment of all of the debt;

3). Such agreements of August 12, 1970, did not constitute a novation;

4). Payment of $10,823.68 had been made on the total indebtedness of $25,064.-77;

5). Leaving $14,241.09 necessary to fully compensate DoAll Dallas Company for its loss.

■ Accord and satisfaction and novation are usually defined in general terms as they were defined by the trial court here, but there are fine distinctions which become important in a case such as this one. The satisfaction in an accord and satisfaction is usually the *performance* of the new promise, rather than the *new promise* itself. 1 Tex.Jur.2d 208; 1 Am. Jur.2d 303, Annotation 96 A.L.R. 1133. However, the satisfaction may be the new promise itself. Ferguson-McKinney Dry Goods Co. v. Garrett, 252 S.W. 738 (Tex. Comm'n App. 1923, opin. adpt.). I Tex. Jur.2d 238 and cases there cited. A novation is the acceptance of the *new promise* in lieu of and in extinguishment of the old obligation. Pacific Employers Insurance Company v. Brannon, 150 Tex. 441, 242 S.W.2d 185 (1951); Street v. Smith Bros. Grain Company, 255 S.W. 778 (Tex.Civ. App. Fort Worth 1923, no writ); Currie v. Trammell, 289 S.W. 736 (Tex.Civ.App. El Paso 1926, err. ref'd); 1 Tex.Jur.2d 209. An accord and satisfaction may or may not be also a novation, but where the new promise itself is accepted as satisfaction the transaction is more properly termed a novation. Worth Petroleum Company v. Callihan, 82 S.W.2d 1060 (Tex.Civ.App. Eastland 1935, no writ); Street v. Smith Bros. Grain Company, supra; Currie v. Trammell, supra; 1 Tex.Jur.2d 209.

It seems to us that the jury's answers here can be reconciled and proper effect given *all of them* only by concluding that by finding accord and satisfaction and by refusing to find novation or full payment, the jury was finding an accord where the satisfaction was to be the *performance* of the new promise, rather than the *new promise itself* (which would have been a novation). This is entirely consistent with and is the only way to give effect to the other answers of the jury which found that the agreements of August 12, 1970, did not constitute payment of all of Melton's indebtedness, or a novation, and that only $10,823.68 had been paid on such indebtedness, and that $14,241.09 still must be paid to fully compensate DoAll Dallas Company. In summary, we believe the jury was finding that an accord and satisfaction was reached which did not accept the *promise* as satisfaction, but accepted only *performance of the promise* (that is, payment) as satisfaction; that the execution of the August 12, 1970, agreements (that is, the promise) was not payment and there was no novation; that performance of the promise had only been made to the extent of what had been paid ($10,823.68) and that it would take $14,241.09 (the difference between the $25,064.77 loss and the $10,823.68 paid) to fully compensate DoAll Dallas Company.

Appellee Trinity National Bank contends that by finding *"accord and satisfaction"* in Special Issue No. 6 the jury necessarily found that the cause of action had been fully satisfied by the promise itself. In view of the definitions of accord and satisfaction and novation which were given by the trial court, the manner of submission, and the other answers of the jury indicating the contrary, we do not believe the answer can be given that construction. The issues and answers as a whole are to be considered, and individual issues are to be construed according to the ordinary import of the words used. Service Life Insurance Co. v. Miller, supra. Our view of the verdict agrees with the law of accord and satisfaction, as it is well-settled that there can be an executory accord and satisfaction where the promise must be performed before the old obligation is discharged, as distinguished from an executed accord and satisfaction where the accord is fully paid or the promise itself is taken as satisfaction. Alexander v. Handley, 146 S.W.2d 740 (Tex.Comm'n App.1941, opin. apprvd.); Bost v. Barringer, 202 S.W. 791 (Tex.Civ. App. Texarkana 1918, no writ); Elliott on Contracts, Vol. III, Sec. 2072, 2074.

Ordinarily, the term "accord and satisfaction" contemplates a completed transaction—the agreement which is the accord, and the performance which is the satisfaction. But, here the manner of submission of the issues to the jury did not enable the jury to find an accord where only performance of the agreement is accepted as satisfaction, as distinguished from an accord where the promise itself is accepted as satisfaction, except by finding as the jury did, of an accord and satisfaction but that there was no novation, no acceptance of the agreements as payment, and only partial payment. It is obvious that the jury intended this to be the effect of its verdict, and the question before us is, shall we give effect to the intent of the jury by a reasonable construction, or defeat it by a technical construction?

We therefore conclude that the effect of the jury's verdict was to find an executory accord and satisfaction requiring performance of the agreement in order to discharge the old obligation. When such an accord is only partially satisfied, the promisee may recover to the extent it has not been fully performed. Hudspeth v. Hilburn, 283 S.W. 314 (Tex.Civ.App. El Paso 1926, err. dism'd); Wardy v. Casner, 108 S.W.2d 772 (Tex.Civ.App. El Paso 1937, err. dism'd). Both debtors are entitled to the benefit of whatever partial performance has been made. 1 Am.Jur.2d, p. 307. Therefore, judgment should have been rendered in favor of DoAll Dallas Company against Melton and the Trinity

National Bank for that portion of the accord which has not been performed.

■ We believe, however, that the verdict is erroneous as to the amount paid and the amount to be recovered because such amounts as found by the jury are totally without support in the evidence. The jury found that $10,823.68 had been paid and $14,241.09 was the amount required to fully compensate DoAll Dallas Company. The only testimony as to what had been paid on the obligation was Melton's statement that he had paid "around $9,000.00." There is absolutely no testimony that $10,823.68 had been paid, or that $14,241.09 remained due. However, the correct amounts of both these items are established elsewhere in the record by stipulations and admissions. DoAll Dallas Company judicially admitted that $7,573.68 had been paid to it on the obligation. The stipulation entered into the record states that $1,521.11 was on deposit in Melton's account in the Trinity National Bank, and the trial court decreed that this amount should be paid to DoAll Dallas Company. The total loss was stipulated in the record as $25,064.77. Since all these amounts were established in the record and the balance due to DoAll Dallas Company could be determined by mere mathematical calculation, the trial court should have disregarded findings Nos. 4 and 16 of the jury as being without support in the evidence and should have rendered judgment for DoAll Dallas Company for $25,064.77, less the payment of $7,573.68, and the credit of $1,521.11—that is, a balance of $15,969.98. The testimny o of Melton that he had paid "around $9,000.-00" qualified by his admission that he did not know the true amount, is too uncertain on which to base a judgment. The bank, which receives the benefit of all payments on the obligation, had the burden to produce evidence of satisfaction of the accord. McCarty v. Humphrey, 261 S.W. 1015 (Tex.Comm'n App.1924, opin. apprvd.); Rutherford v. Page, Southerland & Page, 429 S.W.2d 602 (Tex.Civ.App. Austin 1968, writ ref'd n. r. e.). It failed to produce evidence of any payments, leaving only the admission of DoAll Dallas Company as to the amount actually paid on the indebtedness.

DoAll Dallas Company takes the position that if the accord and satisfaction did not bar collection of the balance of its loss from the bank there is no other barrier to such recovery. Appellee maintains that findings 12, 13, 14 and 15 of the jury which convict DoAll Dallas Company of negligence in its operations and which find that such negligence "substantially contributed" to its loss, amount to findings of contributory negligence and proximate cause and thereby prevent DoAll Dallas' recovery against the bank.

■ The issues on negligence and "contributing cause" were submitted by the bank to bring it within Section 3.406 of the Uniform Commercial Code (Tex.Bus. & Commerce Code, Sec. 3.406, V.T.C.A.). That provision prevents any recovery by a person of a loss due to unauthorized signature or endorsement if such person's own negligence substantially contributed to the loss. The jury answered issues on this point favorably to the bank, but it also found that the bank failed to act in accordance with existing reasonable commercial standards of the banking community in Dallas, thereby preventing the bank from receiving the benefit of Section 3.406. Appellee bank claims that even though it cannot come within that provision, the findings of negligence and substantial contribution on the part of DoAll Dallas Company offset the bank's negligence and proximate cause and therefore cancel any recovery. We do not agree. The cause of action against the bank was for conversion, as well as for negligence. Contributory negligence is not a defense to liability for conversion. Ligon v. E. F. Hutton & Co., 428 S.W.2d 434 (Tex.Civ.App. Dallas 1968, ref'd, n. r. e.). To constitute a defense to the bank's liability for negligence, the contributory negligence of DoAll Dallas Company must have been the proximate cause

of the loss. There can be more than one proximate cause of a loss, but a finding that an act or omission *contributed* to a loss is not the equivalent of nor does it suffice as a finding of proximate cause. Foster v. Beckman, 85 S.W.2d 789 (Tex. Civ.App. Amarillo 1935, writ ref'd); Phoenix Refining Co. v. Tips, 125 Tex. 69, 81 S.W.2d 60 (1935, opin. apprvd.); Koons v. Rook, 295 S.W. 592 (Tex.Comm'n App. 1927, opin. apprvd.). As stated in International Great Northern R. Co. v. Acker, 128 S.W.2d 506 (Tex.Civ.App. Eastland 1939):

> ". . . it is not a question of what contributes to cause an injury, but . . . what is the proximate cause of an injury and this is true without regard as to whether it is the negligence of the defendant or of the plaintiff."

A finding of "substantial contribution" in connection with a series of issues submitted under a statutory defense allowed by the Uniform Commercial Code does not suffice as proximate cause on a common law defense of contributory negligence.

Appellant DoAll Dallas Company also complains of the action of the trial court in excluding from the evidence an interlocutory judgment, which DoAll Dallas Company claims Melton approved for entry and which it says was indicative that there was no intent to accomplish an accord and satisfaction. In view of our disposition of this case, we believe such action, even if error, is harmless, since it did not contribute to an improper verdict. This is because whether there was an accord and satisfaction or not, DoAll Dallas Company cannot recover more than the balance of its cause of action remaining unpaid, and that will be its recovery under our disposition of the case.

On rehearing appellee bank urges that we erred in finding an apparent conflict between issue No. 6 (accord and satisfaction) and No. 7 (novation) because they are not equivalent when a tort and a contract are involved, and because the definitions of such terms given by the trial court

were different. This misconstrues our holding. We do not hold that there was a conflict between issues Nos. 6 and 7. We hold that our construction of the jury answers is the only construction which properly resolves and reconciles *all* the jury answers, including those on accord and satisfaction, novation, payment in full, and balance due.

■ The bank also urges that we must conclude that the jury found a completed accord and satisfaction because the definition of accord and satisfaction given by the trial court used the phrase ". . . and the execution of the agreement." As correctly pointed out by appellant, however, the term "execution" is commonly used to mean "signed" as well as "performed," and there was nothing in the charge which indicated that "execution" necessarily meant performance or payment of the accord. That the jury did not so construe it is confirmed, we believe, by its other findings.

■ The bank further contends that even if the accord was executory and required performance, it still discharged the entire obligation because an accord unbreached is a complete defense. We do not believe that it can be said here that the accord was unbreached. The note evidencing the obligation was due on or before 90 days from date and showed on its face to be past due. It was undisputed that the note had been only partially paid.

The bank also asserts that it was not stipulated that the total loss amounted to $25,064.77. The stipulation in the record states that (1) certain checks were taken and wrongfully endorsed; (2) they were wrongfully deposited to appellant's damage; and (3) the total checks so deposited amounted to $25,064.77. The only loss alleged as against the bank was the amount of the wrongful endorsements and deposits. It therefore seems that the total loss, at least for the purposes of the suit against the bank, was stipulated as $25,064.77.

Appellant DoAll Dallas Company contends that it should have judgment against the bank for the entire $25,064.77 because, while it cannot collect more than full satisfaction of its damages, it was entitled to no less than that amount, ". . . insofar as the appellee was concerned." The error in this contention is that it confuses *two claims* with *two causes of action.* While it is true that appellant could have sued only one wrongdoer had it desired, it still cannot escape the well settled rule that it cannot collect more than its total loss and that payment of any amount by one wrongdoer toward the liquidation of the *cause of action* operates to the benefit of the other wrongdoer. A release of a claim against one wrongdoer no longer releases the other. McMillen v. Klingensmith, 467 S.W.2d 193 (Tex.Sup.1971). But the payment of a part of the total loss by one wrongdoer reduces by that amount the sum which can be recovered from the other wrongdoer. Bradshaw v. Baylor Univ., 126 Tex. 99, 84 S.W.2d 703 (1935, opin. apprvd.). Appellant here suffered a stated loss as the result of one injury. It cannot recover double its total loss simply because two parties were responsible for that loss.

Appellant also urges that the $7,573.68 paid by Melton was applied to extra expenses and did not reduce the $25,064.77 loss. However, the stipulation and admissions, as to the bank at least, show only the total loss and the recovery of $7,573.68. Under that state of the record the bank is entitled to that credit toward payment of the total loss. It would not be bound by a unilateral application of that payment to extra expenses.

The trial court rendered judgment against Melton for the total loss of $25,064.77. It should have deducted the amount which had been paid on such indebtedness. However, since Melton has not appealed and no complaint is made of this, the matter is not before us for action.

For the reasons stated, that portion of the judgment of the trial court which de-

nied DoAll Dallas Company recovery against the Trinity National Bank of Dallas is reversed and judgment is here rendered in favor of DoAll Dallas Company against the Trinity National Bank of Dallas for the sum of $15,969.98. Rule 434, Tex.R.Civ.P.